50 F.3d 19
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark Stephen WILSON, Plaintiff-Appellant,
v.
Gerald KOHLER, in his individual and official capacity aka
Jerry Kohler, Defendant-Appellee.
 No. 94-35495.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 13, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mark Stephen Wilson, a Washington state prisoner, appeals pro se the district court's 28 U.S.C. Sec. 1915(d) dismissal of his 42 U.S.C. Sec. 1983 action against court reporter Gerald Kohler. In his complaint, Wilson alleged that Kohler falsified the transcript of Wilson's state court trial in which Wilson was convicted of assault and harassment. On appeal, Wilson contends that the district court erred by dismissing his complaint as frivolous on the ground of res judicata. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Dismissal pursuant to 28 U.S.C. Sec. 1915(d) is reviewed for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A claim is frivolous when it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 321, 324 (1989).
 
 
 4
 Federal courts are required to give "full faith and credit" to state judicial proceedings. 28 U.S.C. Sec. 1738; Gilbert v. Ben-Asher, 900 F.2d 1407, 1410 (9th Cir.) (per curiam), cert. denied, 111 S.Ct. 177 (1990). It is, moreover, "now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Thus, we look to the Washington state law of res judicata and give the state court judgment the same preclusive effect as would a state court.
 
 
 5
 In Washington, the doctrine of res judicata applies if a prior judgment has a concurrence of identity with a subsequent action in "(1) subject matter, (2) cause of action, (3) persons and parties." Loveridge v. Fred Meyer, Inc., 125 Wash.2d 759, 887 P.2d 898, 900 (1995).
 
 
 6
 Here, Wilson's complaint states that the state court judge who sat at Wilson's criminal trial held an evidentiary hearing on the allegation of the falsification of the trial transcript and found, after review, that there was no substance to the allegation. Thus, because the state court judgment involved the identical subject matter, cause of action, and persons, we agree with the district court that Wilson's section 1983 claim is frivolous. See Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir.1984) (court may find action frivolous where a previous judgment precludes relitigation of the same issues).[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On January 3, 1995, Wilson filed a motion to stay further action on his case. We deny Wilson's motion as moot