[No. 61529-2.    En Banc.    January 26, 1995.]

KIMBERLY LOVERIDGE, *Respondent*, v. FRED MEYER, INC., *Petitioner*.

*Miller, Nash, Wiener, Hager & Carlsen, Francis L. Van Dusen, Jr., James R. Dickens,* and *Susan K. Stahlfeld,* for petitioner.

*James R. Walsh,* for respondent.

SMITH, J. — Petitioner Fred Meyer, Inc. seeks review of a decision by the Court of Appeals, Division One, reversing an

order of the Snohomish County Superior Court which granted Petitioner's summary judgment motion and dismissed a discrimination action by Respondent Kimberly Loveridge against Petitioner. We affirm.

## STATEMENT OF FACTS

Respondent Kimberly Loveridge was employed as a janitor from December 20, 1984 to July 15, 1987 in various stores operated by Fred Meyer, Inc. (Fred Meyer), a Washington corporation. In October 1985, she complained that a leadman with whom she worked was sexually harassing her. Fred Meyer took corrective action. In November 1986, her foreman began harassing Ms. Loveridge, including making comments about her body and about her causing the former leadman to lose his job. She did not report this conduct for fear of losing her job. She later married (she is now known as Kimberly Lince) and resigned from Fred Meyer on July 15, 1987.[1]

On October 5, 1987, Ms. Loveridge filed a complaint with the Equal Employment Opportunity Commission (EEOC)[2] against Fred Meyer for discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.[3] She claimed she had been sexually harassed on the job continuously since 1985 and that, as a result, she had been constructively discharged.[4] In 1988, the EEOC determined that Ms. Loveridge had been sexually harassed in violation of section 703(a) of Title VII.[5] It also determined that she resigned from her job "when she married", and not because the working conditions were so intolerable as to constitute constructive discharge.[6]

---

[1]These facts are based substantially upon the Equal Employment Opportunity Commission determination dated August 8, 1988. Clerk's Papers, at 112-14.

[2]On the same date, Ms. Loveridge filed a discrimination complaint against Fred Meyer with the Washington State Human Rights Commission. The Human Rights Commission assigned the complaint to the EEOC for joint processing.

[3]42 U.S.C. § 2000e et seq.

[4]Clerk's Papers, at 111.

[5]42 U.S.C. § 2000e-2(a).

[6]Clerk's Papers, at 113.

The EEOC attempted unsuccessfully to negotiate a settlement between Ms. Loveridge and Fred Meyer.

On May 2, 1989, the EEOC filed a Title VII action against Fred Meyer in the United States District Court for the Western District of Washington,[7] seeking to enjoin Fred Meyer from engaging in discriminatory practices on the basis of sex and to require the company to institute a non-discrimination policy. Respondent Loveridge was not a party to this action, and the EEOC did not seek reinstatement or compensation on her behalf. On October 19, 1989, Respondent filed a separate lawsuit in the Snohomish County Superior Court seeking damages from Fred Meyer for the alleged sexual harassment.[8] That lawsuit is the subject of this petition for review.

On April 17, 1990, the United States District Court, the Honorable Barbara Rothstein, entered an order approving a consent decree in the suit by the EEOC against Fred Meyer.[9] The agreement requires Fred Meyer to reaffirm its commitment to comply with Title VII in its employment decisions, to post a notice in each of its King and Snohomish county stores expressing support of and compliance with federal anti-discrimination laws, and to maintain procedures for resolving employee complaints of discrimination. The decree states it "effectuates the full, final, and complete resolution of all Title VII allegations of unlawful employment practices encompassed by the original discrimination charge filed by Kimberly Loveridge, the EEOC's administrative determination, and the complaint . . ., including all claims which could have been asserted by the EEOC . . .." The decree also provides that it "shall not constitute an adjudication or finding on the merits of the case and shall in no manner be construed as an admission by Fred Meyer of any violation of Title VII." Pursuant to its terms, the consent decree terminated on April 17, 1992, two years after the date it was entered by the court.

---

[7]Clerk's Papers, at 115-18.

[8]Clerk's Papers, at 88-92. See Amended Complaint; Clerk's Papers, at 98-102.

[9]Clerk's Papers, at 104-10.

On September 4, 1992, the Snohomish County Superior Court, the Honorable James H. Allendoerfer, granted Fred Meyer's motion for summary judgment and dismissed the action by Respondent Loveridge on the ground that her claims were barred by res judicata.[10] On December 30, 1993, the Court of Appeals, Division One, reversed the trial court ruling.[11] We granted review on July 27, 1994.

## Question Presented

The question presented in this case is whether a consent decree between the Equal Employment Opportunity Commission and an employer in the United States District Court in a Title VII action against an employer precludes a subsequent state court action by an employee who was the subject of, but not a party to, the federal lawsuit.

## Discussion

Petitioner Fred Meyer contends that Respondent Kimberly Loveridge's discrimination claim against it in state court is barred by res judicata.

■ Res judicata refers to "the preclusive effect of judgments, including the relitigation of claims and issues that were litigated, or might have been litigated, in a prior action."[12] It is designed to "prevent relitigation of already determined causes and curtail multiplicity of actions and harassment in the courts".[13] For the doctrine to apply, a prior judgment must have a concurrence of identity with a subsequent action in (1) subject matter, (2) cause of action, (3) persons and parties, and (4) the quality of the persons for or against whom the claim is made.[14]

---

[10]Clerk's Papers, at 4-6.

[11]*Loveridge v. Fred Meyer, Inc.*, 72 Wn. App. 720, 864 P.2d 417 (1993) (as amended on denial of reconsideration February 24, 1994).

[12]Philip A. Trautman, *Claim and Issue Preclusion in Civil Litigation in Washington*, 60 Wash. L. Rev. 805, 805 (1985).

[13]*Bordeaux v. Ingersoll Rand Co.*, 71 Wn.2d 392, 395, 429 P.2d 207 (1967).

[14]*See Rains v. State*, 100 Wn.2d 660, 663, 674 P.2d 165 (1983).

LACK OF PRIVITY

■ Under the principles of res judicata, a judgment is binding upon parties to the litigation and persons in privity with those parties.[15] Respondent Loveridge was not a party to the consent decree between Fred Meyer as defendant and the EEOC as plaintiff in the United States District Court. Fred Meyer nevertheless argues that Ms. Loveridge was in privity because the EEOC brought the suit in response to her initial complaint.

The meaning of "privity" for res judicata purposes was discussed in *Owens v. Kuro*:[16]

> Privity does not arise from the mere fact that persons as litigants are interested in the same question or in proving or disproving the same state of facts. Privity within the meaning of the doctrine of res judicata is privity as it exists in relation to the subject matter of the litigation, and the rule is construed strictly to mean parties claiming under the same title. It denotes mutual or successive relationship to the same right or property.

■ Privity is established in cases where a person is in actual control of the litigation, or substantially participates in it even though not in actual control.[17] Mere awareness of proceedings is not sufficient to place a person in privity with a party to the prior proceeding.[18]

■ The consent decree entered on April 11, 1990 was executed by John F. Stanley, attorney for the EEOC plaintiff,

---

[15]Trautman, at 819 (citing *Puget Sound Gillnetters Ass'n v. Moos*, 92 Wn.2d 939, 953, 603 P.2d 819 (1979)).

[16]*Owens v. Kuro*, 56 Wn.2d 564, 568, 354 P.2d 696 (1960) (quoting *Sodak Distrib. Co. v. Wayne*, 77 S.D. 496, 502, 93 N.W.2d 791, 795 (1958)).

[17]*See, e.g., Mutual of Enumclaw Ins. Co. v. State Farm Mut. Auto Ins. Co.*, 37 Wn. App. 690, 682 P.2d 317 (1984); *Youngquist v. Thomas*, 196 Wash. 444, 83 P.2d 337, 87 P.2d 1120 (1938); *Edmiston v. Empire Ice & Shingle Co.*, 147 Wash. 490, 266 P. 703 (1928).

As noted in the Restatement (Second) of Judgments § 39, at 382 (1982), "A person who is not a party to an action but who controls or substantially participates in the control of the presentation on behalf of a party is bound by the determination of issues decided as though he were a party."

[18]*See State ex rel. Lidral v. Superior Court*, 198 Wash. 610, 618, 89 P.2d 501 (1939).

and James R. Dickens, attorney for defendant Fred Meyer.[19] Neither Respondent Loveridge nor her lawyer signed the document. Although Fred Meyer had earlier insisted it would not settle the case unless Ms. Loveridge's claims were dismissed, no agreement was obtained from her to that effect. Fred Meyer obtained an agreement only from the EEOC. Respondent did not exercise control or participate in the litigation. She was thus not in privity with the EEOC and should not then be bound by the terms of the consent decree.[20]

To support its conclusion that Respondent is not bound by the EEOC action, the Court of Appeals[21] relied on interpretation of the Civil Rights Act of 1964 by the United States Supreme Court in *General Tel. Co. of Northwest, Inc. v. EEOC.*[22] Fred Meyer is correct in contending that *General Telephone* is not directly on point. The case nevertheless provides a relevant interpretation of federal law which supports the decision of the Court of Appeals.

The issue in *General Telephone* was whether the EEOC may seek classwide relief under Title VII of the 1964 Civil Rights Act without certification as the class representative under Rule 23 of the Federal Rules of Civil Procedure. The court held that Rule 23 certification is not required and allowed the EEOC to proceed in its action. It noted that a Title VII suit does not supersede private civil rights claims, stating that:

> [T]he aggrieved person may bring his own action . . . if the agency has failed to move the case along to the party's satisfaction, has reached a determination not to sue, *or has reached a conciliation or settlement agreement with the respondent that the party finds unsatisfactory.*[23]

---

[19]Clerk's Papers, at 109.

[20]*See Owens.*

[21]*Loveridge,* at 728-29.

[22]446 U.S. 318, 64 L. Ed. 2d 319, 100 S. Ct. 1698 (1980). *See* Civil Rights Act of 1964, Title VII, § 706 (current version at 42 U.S.C. § 2000e-5).

[23](Italics ours.) 446 U.S. at 326.

This language counters the notion that a settlement agreement between the EEOC and an employer precludes a subsequent civil suit by an aggrieved party.[24] Commenting on the relationship between the EEOC and the aggrieved person, the court in *General Telephone* stated:

> Although the EEOC can secure specific relief, such as hiring or reinstatement, constructive seniority, or damages for backpay or benefits denied, on behalf of discrimination victims, the agency is guided by "the overriding public interest in equal employment opportunity . . . asserted through direct Federal enforcement." 118 Cong. Rec. 4941 (1972). When the EEOC acts, albeit at the behest of and for the benefit of specific individuals, it acts also to vindicate the public interest in preventing employment discrimination.[25]

Consistent with this reasoning in *General Telephone*, the United States Court of Appeals for the Eleventh Circuit held in *Riddle v. Cerro Wire & Cable Group, Inc.*[26] that a federal consent decree between the EEOC and an employer does not preclude an employee not in privity with the EEOC from pursuing a separate discrimination action. In *Riddle* the court observed that, in obtaining injunctive relief, the EEOC does not have the same interests as a private litigant would have in seeking damages:

> The EEOC is primarily interested in securing equal employment opportunity in the workplace. That interest is often most completely advanced through conciliation agreements or consent decrees of the kind involved in this case, where the employer agrees to take broad remedial steps to eradicate discrimination. The aggrieved individual, on the other hand, is primarily interested in securing specific personal relief . . ..[27]

The court concluded that, absent an identity of interests, there is no privity between the EEOC and the employee that would bind the employee under res judicata.[28]

---

[24]The court acknowledged there are "res judicata aspects of Rule 23 judgments" which would be defeated by its holding allowing the EEOC to proceed without obtaining Rule 23 certification. 446 U.S. at 332.

[25](Footnote omitted.) 446 U.S. at 326.

[26]902 F.2d 918 (11th Cir. 1990).

[27]902 F.2d at 922-23.

[28]902 F.2d at 922-23.

As *Riddle* and *General Telephone* suggest, the aggrieved person and the EEOC are *not always* in privity, particularly because of potential difference between public interests and private interests. In this case, Respondent Loveridge did not assign her interests to the EEOC when she filed her claim with the agency. Correspondence in the record indicates her interests were in fact bypassed in the attempt at conciliation between the EEOC and her employer, Fred Meyer, without her participation. A letter dated October 24, 1988 from the EEOC field investigator to Fred Meyer stated:

> On September 20, 1988, I discussed with you the possibility that Kim (Lince) Loveridge might not agree to accept the above [settlement terms], which the Commission considers to be full relief under Title VII. . . . I need to know if Fred Meyer would be willing to enter into a conciliation agreement on the above terms with the EEOC but without Ms. Loveridge's participation.[29]

In a letter dated January 19, 1990, a trial attorney for the EEOC advised counsel for Fred Meyer that: "[T]he Commission cannot accept your proposed consent decree. We have prayed for injunctive relief only, and your proposal effectively eliminates that relief."[30]

After attempts at conciliation failed, the EEOC, as the single party plaintiff, filed a complaint seeking a permanent injunction to bar Fred Meyer from engaging in discriminatory practices. Petitioner's lawyers were clearly advised that Ms. Loveridge was not a party to the action filed by the EEOC in the United States District Court in a letter from the EEOC dated July 2, 1992 which stated that "The Commission entered into a consent decree with your client and, as you know, Ms. Loveridge was not a party to the federal action."[31]

The consent decree was also based solely on the injunctive relief sought by the EEOC. It expressly stated that Fred Meyer did not admit any Title VII violation. Respondent Loveridge received no monetary compensation nor other

---

[29]Clerk's Papers, at 81.

[30]Clerk's Papers, at 96.

[31]Clerk's Papers, at 67.

benefits from the decree. It cannot reasonably be concluded that she had identical interests with the EEOC.

Petitioner Fred Meyer attempts to distinguish this case from *Riddle* by noting that in that case, the employee made it known that she rejected the decree, while in this case, Respondent Loveridge did not. Petitioner still has not established that Ms. Loveridge consented to the decree in this case. It is clear from the evidence that she did not substantially participate in nor exercise control over the proceedings. In *Riddle* the EEOC sought specific relief for the employee in the form of back pay and promotion. As the Court of Appeals observed in this case, the decree did not award personal relief to Ms. Loveridge and she thus had nothing to reject.[32] Because there was no identity of interests or other showing that Respondent was in privity with the EEOC, she cannot be precluded by res judicata from pursuing a separate claim.[33]

As the Court of Appeals noted, resolution of this case is based on the requirement of privity and thus the issue of whether there was an identity of claims or whether the consent decree was a "final judgment" for purposes of res judicata need not be addressed.[34]

### SUMMARY AND CONCLUSIONS

Under the doctrine of res judicata, a person must be a party or in privity to a party in a litigation action before that person can be bound by its results. Privity is established in cases where the person exercises actual control or substantially participates in the litigation.

The United States Supreme Court in *General Tel. Co. of Northwest, Inc. v. EEOC, supra,* notes a potential divergence of interests between the EEOC and the aggrieved person in a discrimination suit. Consistent with this observation in *General Telephone*, the court in *Riddle v. Cerro Wire & Cable*

---

[32]*Loveridge*, at 731 n.9.

[33]*See Riddle*, at 922-23.

[34]*Loveridge*, at 731 n.10.

*Group, Inc., supra,* concluded that, absent an identity of interests, there is no privity between the employee and the EEOC that would bind the employee under res judicata.

Respondent Kimberly Loveridge did not control or participate in the federal litigation in which Fred Meyer was defendant and the EEOC was plaintiff. She did not sign the consent decree, nor did she receive any benefits from it. Her interest in damages for the charged discrimination were bypassed in the EEOC's pursuit of injunctive relief against Fred Meyer. Absent her participation in the proceedings or an identity of interests with the EEOC, Ms. Loveridge cannot be considered a party in privity with the EEOC for res judicata purposes.

We affirm the decision of the Court of Appeals which reversed the trial court ruling that a consent decree between Petitioner Fred Meyer, Inc. and the Equal Employment Opportunity Commission in the United States District Court barred Respondent Kimberly Loveridge from asserting a subsequent claim of discrimination against Petitioner in the Superior Court of Washington for Snohomish County.

DURHAM, C.J., UTTER, DOLLIVER, GUY, JOHNSON, and MADSEN, JJ., and ANDERSEN and BRACHTENBACH, JJ. Pro Tem., concur.