IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| LEE RICHARDSON, | ) No. 68825-1-I |
| Appellant, | ) |
| | ) DIVISION ONE |
| v. | ) |
| | ) |
| STATE OF WASHINGTON, | ) UNPUBLISHED OPINION |
| DEPARTMENT OF LABOR AND | ) |
| INDUSTRIES, | ) FILED: September 16, 2013 |
| | ) |
| Respondent. | ) |

BECKER, J. – Lee Richardson claims that the Department of Labor and

Industries incorrectly calculated the amount of her third-party recovery and

improperly suspended her time loss benefits after she sustained an on-the-job

injury. Because the trial court properly granted summary judgment dismissal of

her claims based on res judicata, we affirm.

FACTS

On August 17, 1995, Lee Richardson was injured while traveling on

business for her employer when she slipped and fell at a Red Lion Inn. She

applied for and began receiving workers compensation benefits from the

Department of Labor and Industries. Richardson also filed suit against the Red

No. 68825-1-I/2

Lion Inn for the initial injury and against her treating physician for medical malpractice.

Under RCW 51.24.060, an injured worker's recovery from a third party is subject to the Department's right to reimbursement for any payments the Department has already made on the worker's behalf. The statute mandates the method of calculating the distribution of the third-party recovery as follows: (1) attorney fees and costs are deducted from the gross recovery, (2) the claimant receives 25 percent of the balance of the award, (3) the Department and the employer are reimbursed for benefits paid to the claimant, and (4) the remaining balance is then disbursed to the claimant. RCW 51.24.060(1)(a)-(d). This remaining balance is subject to future offset of payments by the Department.[1] RCW 51.24.060(1)(e).

Richardson settled the malpractice claim for $1,000,000. At a court-ordered mediation on October 10, 2001, Richardson and the Department executed a compromise agreement as to how the recovery would be allocated between them. After doing some handwritten calculations, Richard Vlosich, the Department's representative, explained to Richardson that approximately $415,000 would be paid to her attorneys, $216,861 would go to the Department, and she would receive approximately $368,138. Vlosich told Richardson that the

---

[1] The amount subject to offset is what an injured worker must spend before the Department will pay any additional benefits.

No. 68825-1-I/3

Department would pay for all approved medical expenses until her recovery from Red Lion Inn was resolved, with only time loss compensation being deducted from her offset. Richardson latter settled the claim against Red Lion Inn for $373,000.

After the malpractice and Red Lion Inn settlements, the Department issued two third-party distribution orders applying the distribution formula in RCW 51.24.060 and consistent with the compromise agreement. The orders provided, in pertinent part:

> "Claimant has recovered $1,000,000 and requires distribution of the settlement proceeds as follows: 1) Net share to attorney for fees and costs - $421,742.47; 2) Net share to claimant - $364,686.29; and 3) Net share to Department - $213,571.24. The Department has paid benefits of $372,037.72 and asserts $369,362.91 against this recovery. Demand is made upon the claimant to reimburse the Department in the amount of $213,571.24. . . . The Department has deducted from its total reimbursement share the money it receives by this order. It is ordered that no benefits or compensation will be paid to or on behalf of claimant or beneficiary as defined by RCW 51.08.020 until such time the excess recovery totaling $127,296.39 has been expended by claimant or beneficiary for costs incurred as a result of the condition(s), injuries, or death covered under this claim."

> "Claimant has recovered $373,000 and requires distribution of the settlement proceeds as follows: 1) Net share to attorney for fees and costs - $138,000; 2) Net share to claimant - $234,990.78; and 3) Net share to Department - $0. The Department has paid benefits of $6,581.14 and asserts $0 against this recovery. . . . It is ordered that no benefits or compensation will be paid to or on behalf of claimant or beneficiary as defined by RCW 51.08.020 until such time the excess recovery totaling $104,376.29 has been expended by claimant or beneficiary for costs incurred as a result of

the condition(s), injuries, or death covered under this claim. Total excess amount to date for both recoveries is $231,672."

The computations made in these orders have been neither challenged nor briefed.

Richardson appealed both orders to the Board of Industrial Insurance Appeals, challenging the Department's right to offset payment of future benefits against her recovery. On November 13, 2003, Richardson and the Department executed a written settlement agreement resolving Richardson's appeals to the Board. The settlement agreement provided that the Department would reduce the balance of Richardson's third-party recovery subject to offset from $159,045.53 to $95,427.32 and that the Department would credit all of Richardson's outstanding medical bills related to the injury against the remaining balance. The settlement agreement was signed by Richardson and her attorney. On December 24, 2003, the Board issued an order pursuant to WAC 263-12-093 memorializing the terms of the settlement agreement and resolving Richardson's Board appeals.

Richardson did not petition for review of the order. However, on May 4, 2004, she wrote a letter to the Board objecting to the Board's order. The Board treated Richardson's letter as a CR 60(b) motion to vacate and denied the motion. Richardson appealed the Board's decision to the superior court, which affirmed the Board. Richardson appealed the superior court's decision and a

commissioner of this court granted a motion on the merits to affirm. The Washington Supreme Court denied Richardson's petition for review.

Throughout 2004, the Department periodically sent letters to Richardson informing her of the remaining offset balance. Richardson appealed these letters to the Board. The Board consolidated the appeals and dismissed them for either lack of subject matter jurisdiction or lack of sufficient evidence. Richardson appealed to the superior court, which affirmed the Board, and then to this court, which granted a motion on the merits to affirm.

On June 8, 2006, the Department issued an order suspending Richardson's time loss compensation until Richardson agreed to participate in an independent medical examination. Richardson appealed this order to the Board, which affirmed the Department's decision. Richardson did not appeal the Board's decision and has not, to date, participated in the required examination.

On December 27, 2010, Richardson filed suit against the Department for breach of contract, claiming that the Department had violated both the October 10, 2001, compromise agreement and the November 13, 2003, settlement agreement by failing to correctly calculate the amount of her third-party recovery or properly apply her medical bills against the offset amount.[2] Richardson also

---

[2] Richardson claims that she is being "denied ongoing payment of benefits and medical treatment" because the Department is not applying the proper formula to determine her offset amount. But the record shows that Richardson has no remaining

sought a writ of mandamus to compel the Department to comply with the agreements and reinstate her appeals to the Board, as well as a declaratory judgment that the Department "will provide medical coverage, benefits and wage benefits as mandated under the law, and to communicate with plaintiff and/or her representatives regarding her treatment."[3]

On March 30, 2012, the Department moved for summary judgment dismissal. The Department argued that (1) the breach of contract claim and the writ of mandamus were barred by res judicata, (2) the breach of contract claim was barred by the statute of limitations, (3) the complaint did not establish the necessary elements for either the breach of contact or mandamus claims, and (4) declaratory relief was barred because Richardson had other adequate remedies at law. The trial court granted the Department's motion. Richardson appeals.

## DECISION

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). Our review is de novo. Stalter v. State, 151 Wn.2d 148, 155, 86 P.3d 1159 (2004). In reviewing an order of summary judgment, this court may affirm the

---

offset, and the reason that Richardson is not currently receiving time loss compensation or other benefits is her continued refusal to participate in the independent medical examination.

[3] Richardson claimed that her claims manager, the Department's medical director, and the Office of the Attorney General were refusing to speak with her about her case.

order on any theory within the pleadings and the proof. LaMon v. Butler, 112 Wn.2d 193, 200-01, 770 P.2d 1027, cert. denied, 493 U.S. 814 (1989).

Res judicata bars the relitigation of claims and issues that were litigated or might have been litigated in a prior action. Loveridge v. Fred Meyer, Inc., 125 Wn.2d 759, 763, 887 P.2d 898 (1995). For res judicata to apply, a prior final judgment must have "a concurrence of identity with a subsequent action" in (1) subject matter, (2) cause of action, (3) persons and parties, and (4) the quality of the persons for or against whom the claim is made. Loveridge, 125 Wn.2d at 763. Whether res judicata bars a party from pursuing an action is also a matter of law reviewed de novo. Kuhlman v. Thomas, 78 Wn. App. 115, 119-20, 897 P.2d 365 (1995).

The trial court properly dismissed Richardson's breach of contract and mandamus claims as barred by res judicata. Both the subject matter and the cause of action are identical to Richardson's previous suits: a challenge to the Department's calculation of her offset amount and the Department's decision to suspend her time loss benefits in 2006. The fact that Richardson is now attempting to proceed under a different legal theory does not rob the prior adjudications of their preclusive effect. See, e.g., Marshall v. Thurston County, 165 Wn. App. 346, 267 P.3d 491 (2011). Similarly, the prior and current proceedings involve an identity of persons and parties: the Department has been a party to all of Richardson's prior suits. Richardson argues that "she was not

attempting to revisit past, litigated issues but rather the claims were addressed to her ongoing predicament," but we must disagree.

Richardson's only claim that has not been previously litigated is her request for declaratory or injunctive relief requiring the Department and its representatives to communicate with her about her case. But Richardson's opening brief contains no argument or authority as to why she would be entitled to equitable relief. This court will not consider arguments that an appellant has not developed in its opening brief and for which the appellant has cited no authority. RAP 10.3(a)(6); State v. Bello, 142 Wn. App. 930, 932 n.3, 176 P.3d 554, review denied, 164 Wn.2d 1015 (2008).

Affirmed.

Becker

WE CONCUR:

-8-