IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JEAN MARIE BARTON and BYRON LEE BARTON, | ) ) ) | No. 73336-2-I |
| Appellants, | ) ) ) | DIVISION ONE |
| v. | ) ) | |
| JP MORGAN CHASE BANK, N.A., QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, and TRIANGLE PROPERTY DEVELOPMENT, INC., a Washington corporation, | ) ) ) ) ) ) ) | UNPUBLISHED OPINION<br><br>FILED: September 26, 2016 |
| Respondents, | ) ) | |
| and | ) ) | |
| FIRST AMERICAN TITLE, | ) ) | |
| Defendant. | ) ) ) | |

BECKER, J. – Because the appellants' claims were brought, or could and should have been brought, in their previous lawsuits, they are barred by res judicata. We affirm the trial court's dismissal of their claims.

FACTS

In August 2007, Byron and Jean Barton, husband and wife, obtained a refinance loan from Washington Mutual Bank secured by a deed of trust to their

home. This deed of trust provided that if the Bartons defaulted on their loan, the lender could foreclose nonjudicially and sell the Bartons' home.

On September 25, 2008, the Federal Deposit Insurance Corporation placed Washington Mutual in receivership and sold some of Washington Mutual's assets to JP Morgan Chase Bank N.A. Chase thus became the beneficiary and holder of the Bartons' loan note.

The Bartons defaulted on their loan as of about July 2011.

On June 7, 2012, Chase appointed Quality Loan Service Corporation as successor trustee under the deed of trust for the purpose of foreclosing. The next month, Quality issued a notice of default to the Bartons.

On August 20, 2012, Quality issued the first notice of sale to the Bartons. The Bartons filed a pro se complaint in King County Superior Court against Chase and Quality, among other defendants, to stop the sale of their home. The defendants removed the proceedings to federal district court, and the court dismissed the case without prejudice. The sale of the Bartons' property did not go forward, and the first notice of sale eventually expired.

On April 4, 2013, Quality issued a second notice of sale to the Bartons. Later that month, the Bartons again responded by filing a pro se complaint, almost identical to their first, in King County Superior Court to stop the sale of their home. We will refer to this complaint as the 2013 lawsuit. The defendants again removed the case to federal district court, and the court again dismissed, this time with prejudice. Again, the sale of the Bartons' property did not go forward and the second notice of sale eventually expired.

2

On December 6, 2013, Quality issued a third notice of sale to the Bartons. This time, the Bartons did not sue to stop the sale. The Bartons' home was sold at auction on April 16, 2014, to the winning bidder, Triangle Property Development Inc.

The month after their home was sold, the Bartons filed a complaint, again pro se, in King County Superior Court against Chase and Quality, among other defendants. We will refer to this complaint as the 2014 lawsuit. This lawsuit alleged a variety of claims, including a consumer protection violation, noncompliance with the deed of trust act, chapter 61.24 RCW, and an allegation that the sale was void. Chase filed a motion to dismiss, and Quality joined. Triangle intervened.

At oral argument on the defendants' motion to dismiss, in January 2015, the Bartons were represented by an attorney for the first time throughout this foreclosure process. Upon request of their attorney, the court allowed the Bartons a chance to move to amend their complaint. The Bartons moved to amend their complaint and filed a proposed amended complaint. On March 2, 2015, the superior court denied the Bartons' motion to amend their complaint and dismissed all claims against Chase and Quality with prejudice. The Bartons appeal.

The respondents contend the Bartons' claims are barred by the principle of res judicata.[1] Res judicata, or claim preclusion, bars the relitigation of claims

---

[1] It appears that the Bartons are referring to res judicata when they argue the trial court erred in applying "the principle of equitable estoppel."

and issues that were litigated, or might have been litigated, in a prior action. Loveridge v. Fred Meyer, Inc., 125 Wn.2d 759, 763, 887 P.2d 898 (1995). Res judicata "applies where a final judgment previously entered and a present action are so similar that the current claim should have been litigated in the former action. In this way, res, judicata promotes judicial economy, efficiency, and fairness to litigants." Storti v. Univ. of Wash., 181 Wn.2d 28, 40, 330 P.3d 159 (2014). See also Sound Built Homes, Inc. v. Windermere Real Estate/South, Inc., 118 Wn. App. 617, 628, 72 P.3d 788 (2003) ("'This court from early years has dismissed a subsequent action on the basis that the relief sought *could have and should have been* determined in a prior action.'")

For res judicata to apply, a prior judgment must have a concurrence of identity with a subsequent action in (1) persons and parties, (2) the quality of the persons for or against whom the claim is made, (3) subject matter, and (4) cause of action. Loveridge, 125 Wn.2d at 763. Here, there is no dispute that the Bartons' 2013 lawsuit—the one dismissed with prejudice by the federal district court—had the same parties and quality of persons as the current lawsuit—the Bartons sued Chase and Quality, among other defendants.

The Bartons argue, however, that the cause of action and subject matter are not identical. To determine whether two causes of action are identical for purposes of res judicata, the court takes into account whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; whether substantially the same evidence is presented in the two actions; whether the two suits involve infringement of the same right; and

4

whether the two suits arise out of the same transactional nucleus of facts. Berschauer Phillips Const. Co. v. Mut. of Enumclaw Ins., 175 Wn. App. 222, 230, 308 P.3d 681 (2013).

Here, the Bartons' 2013 and 2014 lawsuits both arose out of the August 2007 loan transaction between the Bartons and Washington Mutual. Both lawsuits involve Chase and Quality's alleged infringement of the Bartons' rights regarding the foreclosure of their home. The same evidence is necessary for each suit—the Bartons' loan note and deed of trust, the purchase and assumption agreement between the FDIC and Chase, and the notices of default and sale. The causes of action were identical for res judicata purposes. For the same reasons, the subject matter was also identical.

The Bartons claim that Chase is an unlawful beneficiary because their loan was not properly assigned or transferred to Chase. They raised the same claim in their 2013 complaint. The federal district court specifically rejected this claim when it granted the defendants' motions to dismiss with prejudice: "The Chase Entities acquired plaintiffs' loans through a purchase and assumption agreement with the FDIC. No additional approval, assignment, or consent was necessary to affect the transfer. 12 U.S.C. § 1821(d)(2)(G)(i)(II). Any liabilities arising from the way the loans were negotiated and/or structured remained with the FDIC; the named defendants cannot be held responsible for claims related to the origination of the loan under any of the theories mentioned in plaintiffs' complaint." This ruling established Chase's status as lawful owner of the

Bartons' loan, a status that would be destroyed if we ruled differently in this current suit. This claim is barred by res judicata.

The Bartons' additional claims addressed below were all raised for the first time in their proposed amended complaint. The trial court denied leave to amend the complaint. Because the Bartons have not assigned error to the trial court's order denying their motion for leave to amend and have not explained how the new claims are properly before this court notwithstanding that order, it is doubtful that they are entitled to review of the new claims. Assuming for the sake of argument that the new claims were properly considered by the trial court on the merits, we briefly address them.

The Bartons first claim that they never received a notice of preforeclosure options as required by RCW 61.24.031(1). As trustee, Quality was required to issue a notice of preforeclosure options before it issued the notice of default to the Bartons in July 2012. See RCW 61.24.031(1)(a). To the extent the Bartons are alleging that they never received a notice of preforeclosure options at any time, this claim is barred by res judicata because it could have and should have been brought in their earlier complaints.

The Bartons argue that when RCW 61.24.031 was amended effective June 7, 2012, it added the requirement of sending a notice of preforeclosure options prior to issuing a notice of default. The same notice of preforeclosure options was already required under RCW 61.24.031(1) before the amendment. See former RCW 61.24.031 (effective July 22, 2011, to June 6, 2012); LAWS OF 2012, ch. 185 (showing exact amendments to RCW 61.24.031(1)). The timing of

the amendments thus does not alter our conclusion that this claim could have and should have been brought in the earlier lawsuits.

The Bartons claim the April 2014 trustee's sale was wrongful because they were not issued a notice of default related to this sale. But the Bartons acknowledge that Quality issued a notice of default to them in July 2012, before issuing the first notice of sale in August 2012. Quality was not required to issue a new notice of default before each new notice of trustee's sale. Leahy v. Quality Loan Serv. Corp. of Wash., 190 Wn. App. 1, 359 P.3d 805 (2015), review denied, 185 Wn.2d 1011 (2016). Therefore, regarding the notice of default, the Bartons failed to state a claim upon which relief can be granted. See Tenmore v. AT&T Wireless Servs., 136 Wn.2d 322, 329-30, 962 P.2d 104 (1998) (dismissal under CR 12(b)(6) is appropriate only if it appears beyond doubt that the plaintiff cannot prove any set of facts which would justify recovery), cert. denied, 525 U.S. 1171 (1999).

The Bartons also claim that the respondents did not enter into the foreclosure mediation program with them in violation of RCW 61.24.163. The notice of default issued to the Bartons in July 2012 put them on notice of the possibility of mediation: "You may be eligible for mediation in front of a neutral third party to help save your home. **CONTACT A HOUSING COUNSELOR OR AN ATTORNEY LICENSED IN WASHINGTON NOW** to assess your situation and refer you to mediation if you might benefit. Mediation **MUST** be requested between the time you receive the Notice of Default and no later than twenty days after the Notice of Trustee Sale is recorded." (Emphasis in original.) Thus, the

Bartons were aware of the mediation program before they even filed their first lawsuit, yet they did not make any claim alleging failure to mediate when they filed their 2012 and 2013 complaints. This claim is barred by res judicata because it could have and should have been brought in these earlier complaints.

We conclude that the trial court properly granted the respondents' motion to dismiss the Bartons' 2014 lawsuit, including the Bartons' allegation that the foreclosure sale was invalid.

Affirmed.

Becker, J.

WE CONCUR:

Spearman, J.

Appelwick, J.