IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| TIMOTHY REEVES, individually, | ) | |
| | ) | No. 37510-2-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COMPUTER SOLUTIONS OF | ) | UNPUBLISHED OPINION |
| SPOKANE, INC., KASSANDRA | ) | |
| ROCHA, and John/Jane DOES 1-10, | ) | |
| | ) | |
| Respondents. | ) | |

SIDDOWAY, J. — Timothy Reeves appeals the summary judgment dismissal of claims he brought against Computer Solutions of Spokane, which provided him with retraining under contract with the Department of Labor & Industries (L&I). He contends that Computer Solutions never effectively retrained him, and its false representation to L&I that it *had* retrained him caused him to lose worker compensation benefits. Because he fails to demonstrate facts in support of the required proof of causation and damages, we affirm.

No. 37510-2-III
*Reeves v. Computer Solutions of Spokane, Inc.*

FACTS AND PROCEDURAL BACKGROUND

In May 2011, Timothy Reeves was working as a service technician for a heating and air conditioning contractor when he suffered a workplace injury to his right arm and shoulder. Sometime after it was treated surgically, he met with a vocational rehabilitation counselor relied on by L&I to help him explore a different line of work. He told the counselor that work or training requiring activity over consecutive days would be a problem because of pain that would develop in his arm. The counselor eventually recommended that he enroll in a certified medical coding and billing program offered by Computer Solutions. He would be able to attend school from home on Mondays, Wednesdays, and Fridays. The program would be paid for by L&I, which would also pay Mr. Reeves a monthly stipend of $2,274 while he attended the program.

Mr. Reeves began attending the program in May 2015. Due to pain and discomfort related to his arm injuries, he missed the majority of his classes and lectures. He also failed to complete most of the homework assignments. He claims he informed his vocational counselor and a Computer Solutions employee that he was not understanding the material and that he was unable to complete assignments on a regular basis.

Despite Mr. Reeves not attending the majority of his classes, Computer Solutions credited him with 100 percent completion. He was encouraged to take a certification test, which he chose not to do, believing he would not be able to pass it.

2

After Mr. Reeves was finished with the course, L&I determined in March 2016 that he was able to work and terminated his time-loss compensation. In July 2016 it granted Mr. Reeves an award for permanent partial disability consistent with 26 percent of the amputation value of his right arm and closed his workers compensation claim. He appealed both decisions through L&I without success.

Mr. Reeves appealed to the Industrial Insurance Board (Board) and a hearing was held in August 2017, at which Mr. Reeves testified and called as a witness Daniel McKinney, a vocational rehabilitation counselor. The record of proceedings before the Board is not a part of our record. When deposed in the action below, however, Mr. Reeves acknowledged that he testified in the appeal hearing that he was unable to work as a result of the pain in his shoulder and about his inability to function on consecutive days. He testified that Mr. McKinney testified in the appeal hearing that Mr. Reeves should never have been in the type of program offered by Computer Solutions because he did not have the background for it and because of the amount of time and writing required. Mr. Reeves admitted that he presented no medical evidence in the appeal hearing.

In December 2017 the industrial appeals judge (IAJ) who heard Mr. Reeves's appeals issued a proposed decision and order dismissing his appeals for failure to present a prima facie case for relief. Mr. Reeves petitioned for review, which the Board denied, adopting the IAJ's proposed decision and order as its final order. Mr. Reeves appealed

3

the Board's decision to the superior court, which affirmed the Board's decision. The

superior court adopted the Board's findings, including the finding that

> there is insufficient medical testimony to: establish a prima facie case that
> Mr. Reeves' . . . industrial injury was a proximate cause of any condition;
> and, establish that Mr. Reeves had any temporary or permanent total
> disability from any such condition.

Clerk's Papers (CP) at 19.

Mr. Reeves thereafter filed the action below. His amended complaint alleges that

because Computer Solutions misrepresented that he had successfully completed the

retraining program, he was denied further workers compensation benefits. He asserted

four claims for relief: (1) negligence, (2) unfair business practices under the Consumer

Protection Act (CPA), chapter 19.86 RCW, (3) tortious interference with business

expectancy, and (4) outrage.

Computer Solutions eventually moved for summary judgment dismissal of his

claims. It supported its motion with, among other evidence, the superior court's order

affirming the Board's decision to deny his industrial insurance appeals. It argued that

summary judgment was warranted "because: [1] no causal connection exists between the

alleged causes of action and alleged damages; [2] Reeves has made no effort whatsoever

to mitigate the damages he has, if any; [3] Reeves' alleged inability to work is res

judicata; and [4] Reeves has no damages." CP at 4 (alterations in original).

In his opposition to the motion, Mr. Reeves argued that "[d]amages derive from the very fact that the Department of Labor and Industries denied his pension benefits, terminated his time loss and found him employable. . . . Had [Computer Solutions] told the truth, had they reported his inability to do the work, his lack of completed assignments etc. [t]here would be no damages." CP at 58-59. He did not support this with testimony from an L&I representative or evidence from the L&I proceedings.

The trial court granted summary judgment and dismissed Mr. Reeves's claims with prejudice. Mr. Reeves timely appealed the superior court's dismissal of his claims for negligence, unfair business practices, and tortious interference with a business expectancy. He has abandoned his outrage claim.

## ANALYSIS

When the issue on appeal is the entry of summary judgment, our review is de novo; we engage in the same inquiry as the trial court. *Grundy v. Thurston County*, 155 Wn.2d 1, 6, 117 P.3d 1089 (2005). Summary judgment is appropriate if the pleadings demonstrate that there is no genuine issue as to any material fact. CR 56(c). We view all facts and all reasonable inferences in the light most favorable to the nonmoving party. *Rhoades v. City of Battle Ground*, 115 Wn. App. 752, 758, 63 P.3d 142 (2002). Summary judgment is proper only if reasonable persons could reach but one conclusion from all the evidence. *Vallandigham v. Clover Park Sch. Dist. No. 400*, 154 Wn.2d 16, 26, 109 P.3d 805 (2005).

Mr. Reeves's briefing contains a number of factual contentions that are unsupported by citation to relevant portions of the record. He also argues that the trial court did not understand Computer Solutions's responsibilities under chapter 51.32 RCW, yet nothing in the record indicates that Mr. Reeves ever relied on chapter 51.32 RCW in the trial court.

Most glaringly lacking is factual or legal support for Mr. Reeves's argument that but for Computer Solutions's report that he had completed its retraining program, L&I would have awarded him a pension. He attempted to illustrate this linchpin of his damage claim in a chart he created for the appeal:



Br. of Appellant at 13.

What is missing from his argument is the connection between the third and fourth steps of the "What should have happened" scenario. No explanation is offered as to why, if L&I was told that Mr. Reeves was not retrained, it would have awarded him a pension. The evidence shows, instead, that the IAJ heard and considered Mr. Reeves's own testimony and that of Mr. McKinney, but it was Mr. Reeves's failure to present any medical evidence that proved dispositive. When deposed in the action below, Mr. Reeves testified that he "[did not] think" any of the doctors who treated or reviewed his arm and shoulder injury ever rated him as 100 percent disabled. CP at 29.

Mr. Reeves argues that we should not rely on the record of the decisions in the industrial insurance appeals as "res judicata" (Computer Solutions refers to them as such) because while he was a party to the appeals, Computer Solutions was not. Looking to the substance of Computer Solutions's argument, it relies on the issue preclusion aspect of the broader concept of res judicata.

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008). As observed by Judge Morgan of this court in the 1997 decision in *Kelly-Hansen v. Kelly-Hansen*, "'[R]es judicata' is not a precise term." 87 Wn. App. 320, 327, 941 P.2d 1108 (quoting *Winchell's Donuts v. Quintana*, 65 Wn. App. 525, 529, 828 P.2d 1166 (1992)).

7

The Washington Supreme Court has used res judicata to mean both claim preclusion and issue preclusion, saying, for example, that "[r]es judicata refers to 'the preclusive effect of judgments, including the relitigation of claims and issues that were litigated, or might have been litigated, in a prior action.'"[17]  On the other hand, the court has also used res judicata to mean claim preclusion only, saying, for example, that "[r]es judicata acts to prevent relitigation of claims that were or should have been decided among the parties in an earlier proceeding."[18]

---

[17] *Loveridge v. Fred Meyer, Inc.*, 125 Wn.2d 759, 763, 887 P.2d 898 (1995) (quoting Philip A. Trautman, *Claim and Issue Preclusion in Civil Litigation in Washington*, 60 WASH. L. REV. 805 [(1985)]).

[18] *Norris v. Norris*, 95 Wn.2d 124, 130, 622 P.2d 816 (1980).

*Id*. at 328 (first and second alterations in original).

As Professor Trautman has observed, "claim preclusion" and "issue preclusion" is the more modern terminology.  Trautman, *supra*, at 805.  It is not *wrong* to characterize issue preclusion (aka collateral estoppel) as res judicata, however.  And we can see from the record that Computer Solutions had issue preclusion in mind, since its lawyer argued to the trial court that the third element that must be met for "res judicata" to apply is

> the party that the claims of res judicata is being asserted against, were they a party to the action, the prior final judgment action[?]  And Mr. Reeves, of course, was a party to that action."

Report of Proceedings at 5.  Issue preclusion, or collateral estoppel, "requires: '(1) identical issues; (2) a final judgment on the merits; (3) *the party against whom the plea is asserted must have been a party to or in privity with a party to the prior adjudication*; and (4) application of the doctrine must not work an injustice on the party against whom

the doctrine is to be applied.'" *Hadley v. Maxwell*, 144 Wn.2d 306, 311-12, 27 P.3d 600 (2001) (emphasis added) (quoting *Southcenter Joint Venture v. Nat'l Democratic Pol'y Comm.*, 113 Wn.2d 413, 418, 780 P.2d 1282 (1989)). Mutuality is not required. *Lucas v. Velikanje*, 2 Wn. App. 888, 894-95, 471 P.2d 103 (1970).

The superior court order in the industrial insurance appeal can be used against Mr. Reeves as an issue-preclusive final judgment. Mr. Reeves did not respond with evidence of specific facts from which it could be inferred that the result of the appeal would have been different had Computer Solutions not characterized him as completing the retraining program. A party resisting summary judgment may not rely on speculation or argumentative assertions that unresolved factual issues remain. *Seven Gables Corp. v. MGM/UA Ent. Co.*, 106 Wn.2d 1, 13, 721 P.2d 1 (1986).

Each of the three claims for relief whose dismissal Mr. Reeves appeals requires proof of causation and injury or damages. *See, e.g.*, *Gazija v. Nicholas Jerns Co.*, 86 Wn.2d 215, 219, 543 P.2d 338 (1975) (negligence; to establish a cause of action a plaintiff must have suffered "appreciable harm as a consequence"); *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 37, 204 P.3d 885 (2009) (CPA claim; plaintiff must prove, among other elements, injury to a person's business or property, and causation); *Manna Funding, LLC v. Kittitas County*, 173 Wn. App. 879, 897, 295 P.3d 1197 (2013) (tortious interference with business expectancy; required elements include an intentional interference inducing or causing a breach or termination of a relationship or expectancy

and resultant damage). Because Mr. Reeves produced no evidence of causation and injury or damages, summary judgment was proper.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, A.C.J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Staab, J.

10