# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JAYAKRISHNAN K. NAIR, an unmarried person; and OMANA HOMES LLC, a Washington limited liability company,<br><br>                Appellants,<br><br>      v.<br><br>ROYAL FLUSH REALTY, LLC, a Washington limited liability company; M. ALEX TOTH and JANE DOE TOTH, husband and wife and their marital community composed thereof; BERNADETTE DARBY and JOHN DOE DARBY, wife and husband and their marital community composed thereof; and DOES 1 THROUGH 10, inclusive,<br><br>                Respondents. | DIVISION ONE<br><br>No. 82007-9-I<br><br>UNPUBLISHED OPINION |

DWYER, J. — Jayakrishnan Nair appeals pro se from the trial court's order dismissing his complaint for quiet title. He contends that the trial court erred by finding his claims were previously litigated and thus barred by res judicata. As Nair has failed to demonstrate an entitlement to relief, we affirm.

I

Jayakrishnan Nair owned a condominium unit at the Cottages at the Heights in Snoqualmie, which he maintained as a rental property while residing in New Jersey. Nair stopped paying his monthly condominium assessments. As a result, in 2013, the Cottages at the Heights Condominium Owners Association

filed an action to foreclose a statutory lien for delinquent condominium assessments. Nair failed to timely appear or answer. On October 31, 2014, the trial court entered an order of default and a judgment and decree of foreclosure.

The King County Sheriff was ordered to seize and sell the real property. On September 8, 2017, the trial court issued an order of sale. The property was sold pursuant to a sheriff's sale to Royal Flush Realty, LLC on November 27, 2017. One year later, the redemption period expired without redemption, and a sheriff's deed was issued to Royal Flush. The trial court entered an order confirming the sheriff's sale on March 23, 2018.

In March 2019, Nair recorded a lis pendens as to the property and filed a motion to vacate the sheriff's sale or extend the redemption period. The trial court found that Nair "has not presented sufficient credible evidence establishing that his redemption rights were violated or that Royal Flush Realty, LLC failed to satisfy their obligations under the redemption statutes." The court further found that "there is no basis for extending the redemption period under RCW 6.23.030(2)," and cancelled the lis pendens. Nair then proceeded to record two more lis pendens, both of which were also cancelled.

Nair appealed the order cancelling his first lis pendens, but we affirmed the order "because Nair has no legal right to title to the condominium." Cottages at the Heights Condo. Owners Ass'n v. Nair, No. 79994-1-I, slip op. at 1 (Wash. Ct. App. Jan. 19, 2021) unpublished, https://www.courts.wa.gov/opinions/pdf/799941.pdf.

Nair filed a complaint to quiet title on May 17, 2019, once again requesting that the court void the sheriff's sale and order an extended redemption period. On September 25, 2020, the trial court found that "plaintiff's claims in this case have been fully litigated and resolved in prior litigation . . . . *Res judicata* bars plaintiffs from relitigating those same claims here." The trial court dismissed the case with prejudice.

Nair appeals.[1]

II

Nair contends that the trial court erred by ruling that his claims were barred by res judicata, "given this matter involves different parties in different roles."[2] From the record provided by Nair, we cannot determine whether Nair's quiet title action was barred by res judicata. However, we may affirm the trial court on any ground within the pleadings and proof. Because it is clear that Nair's allegations were precluded by collateral estoppel, we affirm the dismissal.

Collateral estoppel and res judicata are both equitable doctrines that preclude relitigation of already determined causes. Weaver v. City of Everett, 194 Wn.2d 464, 472-73, 450 P.3d 177 (2019). "Collateral estoppel, or issue preclusion, bars relitigation of particular *issues* decided in a prior proceeding." Weaver, 194 Wn.2d at 473 (citing Christensen v. Grant County Hosp. Dist. No. 1, 152 Wn.2d 299, 306, 96 P.3d 957 (2004). "Res judicata, or claim preclusion, bars litigation of *claims* that were brought or might have been brought in a prior

---

[1] Respondents have not filed a brief or otherwise participated in this appeal.
[2] Br. of Appellant at 10.

proceeding." Weaver, 194 Wn.2d at 473 (citing Loveridge v. Fred Meyer, Inc., 125 Wn.2d 759, 763, 887 P.2d 898 (1995)). There is some confusion between the two—the term "res judicata" has "sometimes been used to apply to both issue and claim preclusion." Christensen, 152 Wn.2d at 306 n.3.

Res judicata applies "where a prior final judgment is identical to the challenged action in '(1) subject matter, (2) cause of action, (3) persons and parties, and (4) the quality of the persons for or against whom the claim is made.'" Lynn v. Dep't of Labor & Indus., 130 Wn. App. 829, 836, 125 P.3d 202 (2005) (quoting Loveridge, 125 Wn.2d at 763).

The doctrine of collateral estoppel applies when the following four factors are present: "(1) identical issues; (2) a final judgment on the merits; (3) the party against whom the plea is asserted must have been a party to or in privity with a party to the prior adjudication; and (4) application of the doctrine must not work an injustice on the party against whom the doctrine is to be applied." Malland v. Dep't of Ret. Sys., 103 Wn.2d 484, 489, 694 P.2d 16 (1985).

"Whether collateral estoppel or res judicata apply are questions of law that we review de novo." Weaver, 194 Wn.2d at 473. We may affirm the trial court's decision based on any ground established by the pleadings and supported by the record. Verbeek Props., LLC v. GreenCo Envtl., Inc., 159 Wn. App. 82, 90, 246 P.3d 205 (2010).

As the record provided to us does not include the filings made in the lis pendens litigation or Nair's initial motion to vacate the sheriff's sale or extend the redemption period, it is somewhat unclear whether Royal Flush was a participant

4

such that the persons and parties in the prior action were identical, as required for res judicata to apply.[3] However, it is clear that Nair's quiet title action was collaterally estopped by the lis pendens litigation. The allegations in Nair's complaint to quiet title relied on the notion that Royal Flush failed to comply with a notice requirement, extending the redemption period pursuant to RCW 6.23.030(2). In the first order cancelling lis pendens, the trial court found:

> 12. The Court finds that Defendant Nair has not presented sufficient credible evidence establishing that his redemption rights were violated or that Royal Flush Realty, LLC failed to satisfy their obligations under the redemption statutes.
> 13. The Court finds there is no basis for extending the redemption period under RCW 6.23.030(2).

These findings addressed identical issues and appeared in a final judgment on the merits to which Nair—the party against whom the doctrine is applied—was a party. Furthermore, there is no injustice in applying the doctrine. Nair vigorously litigated the previous case, repeatedly recording lis pendens and prosecuting an appeal to this court. There is no injustice in preventing Nair from relitigating the same issues yet again.[4] Nair's claims are thus barred by collateral estoppel.

---

[3] "The party presenting an issue for review has the burden of providing an adequate record to establish such error." State v. Sisouvanh, 175 Wn.2d 607, 619, 290 P.3d 942 (2012). That party herein is Nair. We could dismiss this appeal based on this failure alone. However, we exercise our discretion to decide this appeal on the basis set forth herein.

[4] Nair asserts that the trial court's dismissal of his claims denied him procedural due process. Dismissing a collaterally estopped claim is not a denial of procedural due process.

Affirmed.

_Dwyer, J._

WE CONCUR:

_Bremner, J_      _Smith, A.C.J._