IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| MICHELE GRAY,<br><br>          Appellant,<br><br>      v.<br><br>ANDY JASSY,<br><br>          Respondent. | No. 85226-4-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

PER CURIAM — Michele Gray, proceeding pro se, appeals the trial court's order granting Andy Jassy's motion to dismiss her complaint with prejudice. Gray's appeal presents no facts or arguments upon which reasonable minds might differ and is entirely devoid of merit. We therefore grant Jassy's motion to dismiss the appeal as frivolous.

BACKGROUND

In December 2022, Michele Gray filed a lawsuit in King County Superior Court claiming that she was injured by allegedly defective toilet paper that she purchased in March 2020 from a third-party seller on Amazon's online store. The sole named defendant was Amazon's chief executive officer (CEO) Andy Jassy. This is Gray's fourth attempt at recovery based on the same facts. Gray previously filed three lawsuits against Amazon asserting the same claims, two of which were dismissed with prejudice. See Gray v. Amazon, No. l:20-cv-007 15-MAD-DJS (N.D.N.Y. 2020), dismissal affirmed, No. 22-1304 (2nd Cir. 2022); Gray v. Amazon, No. EF202 1-267827 (N.Y. Sup. Ct. 2021), on file at Gray v. Amazon.com, Inc., No. l:2 1-cv-00 1 16-MAD-DJS (N.D.N.Y.

2021), dismissal affirmed, No. 21-1741 (2nd Cir. 2021); Gray v. Amazon, No. 2:22-cv-01177-JCC (W.D. Wash. 2022).

Jassy moved to dismiss the instant complaint under CR 12(b)(6) on the grounds that Gray's claims are barred by res judicata and do not state a claim for which relief may be granted. The superior court agreed and dismissed Gray's complaint with prejudice.

Gray appealed. In response, Jassy filed a motion to dismiss Gray's appeal as frivolous under RAP 18.9(c), or in the alternative, to affirm on the merits. A commissioner of this court accepted Jassy's filing as both a motion to dismiss and a brief of respondent and set the case for a panel of judges without oral argument for consideration of the motion to dismiss as well as the merits briefing.

## DISCUSSION

RAP 18.9(c) authorizes this court to grant a party's motion to dismiss a frivolous appeal. An appeal is frivolous if, considering the entire record, no debatable issues are presented upon which reasonable minds might differ and it is so devoid of merit that there is no reasonable possibility of reversal. In re Guardianship of Wells, 150 Wn. App. 491, 504, 208 P.3d 1126 (2009). When considering if an appeal is frivolous, we resolve all doubts in the appellant's favor. Kinney v. Cook, 150 Wn. App. 187, 195, 208 P.3d 1 (2009).

Gray presents no cogent argument for relief on appeal. A pro se litigant must follow the same rules of procedure and substantive law as a licensed attorney. Holder v. City of Vancouver, 136 Wn. App. 104, 106, 147 P.3d 641 (2006). An appellant must provide "argument in support of the issues presented for review,

together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). Arguments that are not supported by references to the record, meaningful analysis, or citation to pertinent authority need not be considered. Cook v. Brateng, 158 Wn. App. 777, 794, 262 P.3d 1228 (2010); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989).

Gray fails to comply with these requirements. Her appeal consists of convoluted and often repetitive assignments of error which are entirely unsupported by argument, analysis, citations to legal authority, or references to the record. And some of her claimed errors appear to have been raised for the first time on appeal. See RAP 2.5(a); Timberland Bank v. Mesaros, 1 Wn. App. 2d 602, 606, 406 P.3d 719 (2017) (appellate court ordinarily refuses to review issues raised for the first time on appeal). These deficiencies are sufficient to preclude review.[1]

Gray's appeal presents no debatable issues upon which reasonable minds might differ and is devoid of merit. We dismiss Gray's appeal as frivolous under RAP 18.9(c).

---

[1] Gray also fails to address the trial court's dismissal on res judicata grounds or to provide any reason why her claims are viable. Res judicata prohibits the relitigation of claims and issues that were litigated or could have been litigated in a prior action. Loveridge v. Fred Meyer, 125 Wn.2d 759, 763, 887 P.2d 898 (1995). Res judicata applies "where a prior final judgment is identical to the challenged action in '(1) subject matter, (2) cause of action, (3) persons and parties, and (4) the quality of the persons for or against whom the claim is made.' " Lynn v. Dep't of Labor & Indus., 130 Wn. App. 829, 836, 125 P.3d 202 (2005) (quoting Loveridge, 125 Wn.2d at 763). Here, Gray's lawsuit is identical to her prior suits, except instead of suing Amazon, she sued its CEO. But different defendants in separate suits are the same party for res judicata purposes as long as they are in privity. Ensley v. Pitcher, 152 Wn. App. 891, 902, 222 P.3d 99 (2009).

FOR THE COURT:

_____
Dwyer, J.

_____
Díaz, J.

_____
Chung, J.