IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ANSON BARTRAND, | ) | No. 40011-5-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| PUBLIC UTILITY DISTRICT NO. 2 OF | ) | |
| GRANT COUNTY, | ) | |
| | ) | |
| Respondent. | ) | |

LAWRENCE-BERREY, C.J. — Anson Bartrand appeals the superior court's summary dismissal of his complaint based on the doctrine of res judicata. We reverse and remand.

## FACTS

In December 2021, Sentinel Shores, LLC, filed a claim against Public Utility District (PUD) No. 2 of Grant County in small claims court for breach of a 1962 written agreement. Sentinel claimed it was an assignee of the agreement, and that the PUD owed it $120 for six years back rent for the presence of its transmission and distribution lines on its property.

In January 2022, a small claims judgment was entered wherein the court explained: "Grant County PUD [has] a prescriptive easement in terms of the lines on property of Sentinel Shores, LLC. Rent is not due and owing per license agreement from 1962." Clerk's Papers (CP) at 51. Because the amount Sentinel sought was $120, i.e., not in excess of $250, Sentinel was statutorily precluded from appealing the judgment. *See* RCW 12.36.010; RCW 12.40.120.

In July 2023, Anson Bartrand filed a complaint against Grant County PUD in superior court. Bartrand is Sentinel's chief financial officer and an owner-member. Bartrand alleged that Sentinel had quitclaimed the property to him so that he now was the assignee of the 1962 agreement. In his claim for relief, Bartrand asked for a declaration of the parties' rights, for the PUD to acknowledge the agreement and rescind its claim to a prescriptive easement, and for payment of back rent. In response, the PUD filed a CR 12(b)(6) motion to dismiss, and a declaration with attachments in support of its motion.

In its motion, the PUD argued that Bartrand's complaint was barred because res judicata prevented the issues raised in the complaint from being litigated. Bartrand responded that res judicata did not apply because the small claims court lacked subject matter jurisdiction once the PUD raised its prescriptive easement defense. Bartrand additionally argued:

> Res judicata is a common law doctrine rooted in the spirit of fairness and justice. [It] is not to be applied rigidly as to defeat the ends of justice, or to work an injustice. Allowing the small claims court to unilaterally make decisions regarding real estate without [an] opportunity for appeal would violate the common law principles of fair play and justice. Small claims actions in which the matter sought by the claimant is under $250 may not be appealed.

CP at 109 (footnote omitted).

The superior court disagreed with Bartrand's arguments and dismissed his complaint.

Bartrand appeals.

ANALYSIS

Bartrand argues the trial court erred in dismissing his complaint based on res judicata. As he argued below, he again argues the small claims court lacked subject matter jurisdiction once the PUD raised its prescriptive easement defense, and that applying res judicata to a judgment he was precluded by statute from appealing, works an injustice. We agree with his second argument and decline to address his first.

Whether res judicata applies to preclude litigation of claims is a question of law that an appellate court reviews de novo. *Weaver v. City of Everett*, 194 Wn.2d 464, 473, 450 P.3d 177 (2019). Res judicata precludes litigation of an entire claim when a prior proceeding involving the same parties and issues culminated in a judgment on the merits and the claim either was litigated or could have been litigated in the prior proceeding. *Id.*

3

at 480. For the doctrine to apply, a prior judgment must have a concurrence of identity with a subsequent action in (1) subject matter, (2) cause of action, (3) persons and parties, and (4) the quality of the persons for or against whom the claim is made. *Id.* "Under the principles of res judicata, a judgment is binding upon parties to the litigation and persons in privity with those parties." *Loveridge v. Fred Meyer, Inc.*, 125 Wn.2d 759, 764, 887 P.2d 898 (1995). Here, Bartrand does not dispute any of the doctrine's four requirements. Rather, his argument focuses on equity.

"[R]es judicata remains an equitable, common law doctrine. Like its sister doctrine, collateral estoppel, 'res judicata . . . is not to be applied so rigidly as to defeat the ends of justice, or to work an injustice.'" *Weaver*, 194 Wn.2d at 482 (quoting *Henderson v. Bardahl Int'l Corp.*, 72 Wn.2d 109, 119, 431 P.2d 961 (1967)).

On a prior occasion, we had the opportunity to decide whether res judicata's sister doctrine, collateral estoppel, should be applied to bar relitigation of a claim decided in small claims court where the losing party was barred by statute from appealing.

In *State Farm Mutual Automobile Insurance Co. v. Avery*, 114 Wn. App. 299, 305, 57 P.3d 300 (2002), we noted that collateral estoppel would not be applied when it would work an injustice. Under the injustice rubric of our analysis, we wrote:

4

> No appeal of a small claims court judgment is allowed unless the amount in controversy, exclusive of costs, exceeds $250. RCW 12.40.120. The amount here was $158.07. State Farm had, therefore, no right to appeal.
> And for this reason alone, we deny preclusive effect to Mr. Avery's small claims judgment here. Even though [the three requirements for collateral estoppel are present], we will not deny a party the chance to [re]litigate the issue if it was statutorily denied an opportunity to appeal.

*Id.* at 309 (citation omitted).

Similarly, here, even though the four requirements for res judicata are present, we will not apply res judicata if a party was statutorily denied the right to appeal. Bartrand's claim in small claims court was for $120, exclusive of costs, so RCW 12.40.120 denied him the right to appeal. Application of res judicata under this circumstance would work an injustice.

We reverse the superior court's summary dismissal of Bartrand's complaint and remand for proceedings consistent with this opinion.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____
Staab, J.

_____
Cooney, J.

5