**FILED**
**APRIL 11, 2019**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| FRANCISCO SORIANO, | ) | |
| | ) | No. 35626-4-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF LABOR AND INDUSTRIES, | ) | UNPUBLISHED OPINION |
| | ) | |
| | ) | |
| Respondent. | ) | |

SIDDOWAY, J. — Francisco Soriano appeals the superior court's order affirming a

decision of the Board of Industrial Insurance Appeals (Board) that he was eligible only

for medical treatment expenses, not disability benefits, for an injury sustained in 1980.

The decision of the Board turned on the meaning of an October 2014 order of the

Department of Labor and Industries (Department), which had become final. Mr. Soriano

argued that the October 2014 order found him eligible for both treatment and benefits,

and was binding on the Department.

No. 35626-4-III
*Soriano v. Dep't of Labor & Indus.*

We agree with the superior court that the October 2014 order did not determine Mr. Soriano's eligibility for disability benefits. We decline to consider an argument that the director of the Department (Director) abused his discretion, which Mr. Soriano did not petition the Board to review. We affirm.

FACTS AND PROCEDURAL BACKGROUND

In October 1981, Francisco Soriano received a permanent partial disability award based on a 1980 workplace injury in which his right arm and hand were seriously injured. He has applied to reopen his claim several times in the years since.

When a worker applies to reopen a closed claim, the claim will be deemed reopened if the Department fails to deny the application within 90 days of receiving it. RCW 51.32.160(1)(d). When a worker applies to reopen a claim more than seven years after the first order closing the claim became final, however, the worker may only receive medical treatment on reopening, unless the Director, "upon his or her own motion," reopens the claim as to disability benefits as well. RCW 51.32.160(1)(a). Such claims are referred to as "over-seven" claims. *Cascade Valley Hosp. v. Stach*, 152 Wn. App. 502, 504, 215 P.3d 1043 (2009). The Director's decision on benefit eligibility in the case of "over-seven" claims is discretionary. *Id.* at 512.

The application to reopen that is at issue was filed by Mr. Soriano in September 2013. When more than 90 days passed without any denial of the application, the

2

Department sent a notice of decision to Mr. Soriano, the Department, and other interested parties in December 2013, ordering that the claim was deemed granted and reopened effective September 4, 2013. *Id.* The notice was signed in the name of the supervisor of industrial insurance, by a claim manager. It stated in part:

> THE WORKERS [sic] IS NOT ENTITLED TO DISABILITY BENEFITS, SUCH AS TIME-LOSS COMPENSATION OR PERMANENT DISABILITY, UNLESS AND UNTIL THE DIRECTOR EXCERCISES [sic] HIS OR HER DISCRETION TO GRANT THEM.
>
> THIS IS BECAUSE THE REOPENING APPLICATION WAS NOT RECEIVED WITHIN THE TIME LIMITATION SET BY LAW (10 YEARS FROM FIRST CLAIM CLOSURE FOR EYE INJURY, 7 YEARS FROM FIRST CLAIM CLOSURE FOR ALL OTHER INJURIES).

Clerk's Papers (CP) at 51.

In January 2014, the Department issued a notice of decision "correct[ing] and supersed[ing]" the prior order. CP at 52. It made two word or spelling changes but carried forward the same information and caveats.

In May, the Department issued a notice of decision stating that "[t]he medical record shows treatment is no longer necessary." CP at 53. It stated that Mr. Soriano's claim was closed effective May 15, 2014.

Mr. Soriano protested and requested reconsideration of the Department's May 2014 order. In a notice of decision issued in August 2014, the Department stated it had reconsidered the May order, determined it to be correct, and affirmed it.

Mr. Soriano again protested and requested reconsideration of the Department's decision to close its claim. This time, the Department canceled the May closing order, in

an October 16, 2014 notice of decision that it sent to Mr. Soriano and other interested

parties. The notice stated:

> The Department of Labor and Industries has canceled the closing order of
> 5/15/2014. The claim remains open for authorized treatment and benefits.

CP at 55. The notice was signed in the name of the supervisor of industrial insurance,

this time by a claims consultant. A legend at the bottom of the notice stated that the order

would become final "60 days from the date it is communicated to you" unless a request

was made for reconsideration by the Department or it was appealed to the Board. CP at

55. Neither Mr. Soriano nor the Department appealed.

A year later, Mr. Soriano's lawyer received a letter from Joel Sacks, Director of

the Department, notifying him that Mr. Soriano was eligible for medical benefits only.

The letter stated that because Mr. Soriano's claim had been closed for more than seven

years, any time-loss compensation benefits "must be approved by the director and can

only be approved under special circumstances." CP at 56. It continued:

> After reviewing the circumstances of your claim, I have determined Mr.
> Soriano is not eligible to receive time-loss benefits because he was not
> attached to the workforce when he filed reopening of this claim and he has
> no wages to replace. All medical benefits related to your injury will be
> covered under this claim. Your claim manager . . . will send you an order
> reflecting my decision.

*Id.*

Mr. Soriano protested and requested reconsideration of the Director's October 1,

2015 letter. The Department responded with a notice of decision stating that "[o]nly the

4

Director . . . has the authority to gran[t] additional disability benefits such as time-loss compensation" and "[t]he Director has decided that only payment of medical benefits is appropriate." CP at 57.

Mr. Soriano appealed to the Board, where, in lieu of a hearing, the parties stipulated to facts and agreed exhibits. In a brief filed with the industrial appeals judge (IAJ) after the stipulation was filed, Mr. Soriano advanced two arguments. The first was that the Director had abused his discretion by failing to consider evidence and exercise discretion. He cited *In re Robert Dorr, Jr.*, designated as a significant decision by the Board,[1] in which it held that in denying a worker's entitlement to disability benefits in an "over-seven" case, it is an abuse of discretion for the Director to completely "fail[ ] to consider the relevant factors contained in the Department's own policy for making such determinations." CP at 21. Mr. Soriano's second argument was that the Department's October 2014 order was res judicata that Mr. Soriano's claim "remained open for further treatment *and benefits*." CP at 61.

In response to Mr. Soriano's argument that the Director had failed to exercise his discretion, the Department filed and sought to offer an additional three-and-a-half page

---

[1] *In re Dorr*, No. 07 23982, at 4 (Wash. Bd. Ind. Ins. Appeals Jan. 6, 2009), http://www.biia.wa.gov/SDPDF/0723982.pdf. The Board publishes its significant decisions and makes them available to the public. "These decisions are nonbinding, but persuasive authority for this court." *O'Keefe v. Dep't of Labor & Indus.*, 126 Wn. App. 760, 766, 109 P.3d 484 (2005).

exhibit: a memorandum to the Director that had recommended denying further benefits to Mr. Soriano. Mr. Soriano objected to its admission. The IAJ sustained the objection and rejected the proposed additional exhibit.

The IAJ affirmed the November 2015 Department order. Mr. Soriano petitioned the Board for review. The only basis for reversal he argued to the Board was that the IAJ erred when it failed to recognize that the October 2014 order was final and binding on the issue that "Mr. Soriano's claim was 'open for treatment *and* benefits.'" CP at 13. The Board denied Mr. Soriano's petition and adopted the IAJ's proposed decision and order as the decision and order of the Board.

Mr. Soriano then appealed the Board's decision to the Benton County Superior Court. Here, too, he argued that the October 2014 order, which he argued determined his eligibility for treatment and benefits, was binding on the Department. The trial court affirmed the Board's decision. Mr. Soriano appeals.

ANALYSIS

Mr. Soriano assigns error on appeal not only to the superior court's decision affirming the Board on the res judicata issue, but he also attempts to revive the alternative argument that the Director failed to exercise his discretion in Mr. Soriano's case in the manner that led to reversal and remand in *Dorr.* By statute, a petition for review of an IAJ decision "shall set forth in detail the grounds therefor and the party or parties filing

the same shall be deemed to have waived all objections or irregularities not specifically set forth therein." RCW 51.52.104; *Leuluaialii v. Dep't of Labor & Indus.*, 169 Wn. App. 672, 684, 279 P.3d 515 (2012). This ground for reversal was not set forth in Mr. Soriano's petition for review by the Board. We refuse to consider it. We turn to the res judicata argument, the only issue properly presented for review.

In industrial insurance cases, the superior court conducts a de novo review of the Board's decision, relying exclusively on the Board record. RCW 51.52.115; *Gallo v. Dep't of Labor & Indus.*, 119 Wn. App. 49, 53, 81 P.3d 869 (2003), *aff'd*, 155 Wn.2d 470, 120 P.3d 564 (2005). The Board's findings and decision are prima facie correct and the party challenging the Board's decision has the burden of proof. *Id*. at 53-54. On appeal to this court, we review the superior court's decision under the ordinary standard of review for civil cases, reviewing whether substantial evidence supports the trial court's factual findings and then, de novo, whether the trial court's conclusions of law flow from the findings. RCW 51.52.140; *Ruse v. Dep't of Labor & Indus.*, 138 Wn.2d 1, 5, 977 P.2d 570 (1999).

The superior court's findings do not address Mr. Soriano's affirmative defense of res judicata. "Absent an express finding upon a material fact, it is deemed to have been found against the party having the burden of proof." *Interlake Porsche + Audi, Inc. v.*

*Bucholz,* 45 Wn. App. 502, 518, 728 P.2d 597 (1986). It is evident from Mr. Soriano's briefing that he assigns error to the trial court's implicit adverse findings on the elements of res judicata.

Res judicata, or claim preclusion, is an affirmative defense that bars relitigation of claims and issues that were litigated, or could have been litigated, in a prior action. *Loveridge v. Fred Meyer, Inc.*, 125 Wn.2d 759, 763, 887 P.2d 898 (1995). For res judicata to apply, there must have been a final judgment on the merits in a prior action. *Pederson v. Potter*, 103 Wn. App. 62, 67, 11 P.3d 833 (2000). In the context of disputes with the Department, "[a]n unappealed Department order is res judicata as to the issues encompassed within the terms of the order, absent fraud in the entry of the order." *Kingery v. Dep't of Labor & Indus.*, 132 Wn.2d 162, 169, 937 P.2d 565 (1997). This is true, even if there was "an error in the Department's unappealed order." *Id*. at 170. The parties' dispute is over whether the October 2014 order decided the issue of Mr. Soriano's eligibility for disability benefits.

We emphasize that the Department's October 2014 order does not say that Mr. Soriano's claim "is open for treatment and benefits." It says the Department has canceled its closing order and Mr. Soriano's claim "*remains* open for *authorized* treatment and benefits." CP at 55 (emphasis added). Where a *court's* order is ambiguous, a reviewing court seeks to ascertain the intention of the court that entered it by using general rules of

8

construction applicable to statutes, contracts and other writings. *In re Marriage of Gimlett*, 95 Wn.2d 699, 704-05, 629 P.2d 450 (1981). We will apply the same general rules of construction to the Department's October 2014 order. Evidence of the circumstances under which the order was entered may be considered for the purpose of ascertaining the intention of the agency entering the order and properly construing it. *Berg v. Hudesman*, 115 Wn.2d 657, 669, 801 P.2d 222 (1990).

The Department's December 2013 and January 2014 orders deeming Mr. Soriano's claim reopened both stated clearly that Mr. Soriano was not entitled to disability benefits unless the Director exercised discretion to grant them. When Mr. Soriano protested the May 2014 closure of his claim, he was necessarily asking the Department to revert to the claim's previously "deemed reopened" status; he did not make a new application to reopen. Similarly, when the October 2014 order stated that "[t]he claim *remains* open for *authorized* treatment and benefits," it was reverting to the claim's previous reopened status. CP at 55. That previously reopened status affirmatively denied disability benefits, clarifying what was "authorized."

Also significant is the cautionary language in the Department's December 2013 and January 2014 orders that "the Director" would have to exercise discretion to grant any disability benefits. The October 2014 order was signed by a claims consultant, acting for the supervisor of industrial insurance. It is only the Director, not Department claims

9

No. 35626-4-III
*Soriano v. Dep't of Labor & Indus.*

consultants, who can reopen eligibility for disability benefits "upon his or her own motion." RCW 51.32.160(1)(a).

Substantial evidence supports the findings of the trial court that support, in turn, its conclusions. Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Siddoway, J.

WE CONCUR:

Fearing, J.

Pennell, A.C.J.