IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | No. 37893-4-III |
| BLAKELY FARMS TRUST, et.al., | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| RALPH H. BLAKELY, JR., | ) | |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, C.J. — Ralph Blakely Jr. appeals the decision of a court commissioner approving an annual accounting, budget, and fee request submitted by the trustee of the Ralph H. Blakely, Jr. Special Person Care Trust. Many of Mr. Blakely's complaints are barred by the doctrine of res judicata, having been rejected by this court 20 years ago. The order being appealed is silent on the commissioner's reason for rejecting other of Mr. Blakely's complaints, and we decline to speculate about the commissioner's possible reasons where Mr. Blakely has failed to arrange for an adequate record on appeal. We affirm.

FACTS AND PROCEDURAL BACKGROUND

Ralph Blakely is currently serving time in the Washington State Penitentiary for the second degree kidnapping of his wife for which he was sentenced in 2000, and two

counts of solicitation to commit first degree murder of his wife and daughter for which he

was sentenced in 2005. *State v. Blakely*, 111 Wn. App. 851, 859, 47 P.3d 149 (2002),

*review denied*, 148 Wn.2d 1010 (2003), *rev'd and remanded*, 542 U.S. 296, 124 S. Ct.

2531, 159 L. Ed. 2d 403 (2004); *State v. Blakely*, noted at 134 Wn. App. 1043, 2006 WL

2375034, at *4. Beginning with a voluntary commitment in 1972, Mr. Blakely has been

diagnosed by various mental health experts as suffering from an ongoing mental illness.

*In re Marriage of Blakely*, 111 Wn. App. 351, 354, 44 P.3d 924 (2002).

Mr. Blakely's wife had petitioned to dissolve their marriage in 1995, and a year

later the trustee of the Blakely Farms Trust, through which the couple had conducted

their extensive and complex business dealings, filed litigation to determine the validity of

the trust and for an accounting. *Id.* In 1999, Mr. Blakely's lawyer in the dissolution

action sought appointment of a guardian ad litem (GAL) for Mr. Blakely, which was

eventually ordered. The parties reached a settlement of the trust litigation in late 1999.

*Id.* at 356. In the decree of dissolution filed in 2000, Mr. Blakely received one-half of the

marital property and the proceeds from the trust as settled. *Id.* at 357.[1] The Ralph H.

Blakely, Jr. Special Person Care Trust (Trust) was created by the superior court incident

to the parties' settlement, with the explanation that Mr. Blakely "is mentally handicapped

---

[1] After a jury decided in April 2000 that Mr. Blakely was competent to stand trial on the criminal charges, Mr. Blakely sought to remove the GAL and challenge the settlement, but the trial court denied the motion and this court affirmed. *In re Marriage of Blakely*, 111 Wn. App. at 356, 359-60.

and/or incapacitated, and will require medical and psychological care and assistance with financial affairs for the remainder of [his] life." Clerk's Papers (CP) at 151. James Spurgetis was appointed as successor trustee and has served in that capacity since June 2002.

By the terms of the Trust, Mr. Spurgetis has absolute and unfettered discretion to determine when and if Mr. Blakely needs extra and supplementary support services. Mr. Spurgetis also has "sole, absolute, complete and unfettered discretion" to make distributions to meet Mr. Blakely's needs for food, clothing, shelter or health care. CP at 169. Mr. Spurgetis is responsible for the financial management and investment of Trust assets. To enable him to fulfill these responsibilities, Mr. Spurgetis is entitled to the costs of administration, including all reasonable expenses for establishing, maintaining, administering, and defending the trust.

Mr. Spurgetis must make an annual statement of the transactions and assets concerning all financial and investment activity taken on behalf of the Trust. In addition to providing the accounting to Mr. Blakely, Mr. Spurgetis is required to present it to the trial court.

On September 2, 2020, Mr. Spurgetis filed his 11th accounting and proposed budget for the Trust. The accounting covered the period from May 31, 2019 to May 31, 2020. Assets held by trust (in descending order of value) consisted of a blocked investment account whose value was $509,955.08 at the end of the accounting period, a

3

half interest in a 40-acre property co-owned with Mr. Blakely's ex-wife, a blocked checking/savings account whose ending value was $2,411.17, and an unblocked checking account whose ending value was $354.87. Disbursements totaled $6,622.01. During that period $3,931.05 had been paid toward trustee's fees and $1,992.09 was court-ordered to be paid to attorney Jeffry Finer for his representation of Mr. Blakely in a Department of Corrections administrative matter. The remainder were disbursements for certified copies, incidentals/clothing, filing fees, postage, and typewriter ribbon.

On the same day he filed the accounting, Mr. Spurgetis requested payment of trustee fees for the period from July 2, 2019 to July 16, 2020. Trustee fees for that 12-month period were $4,123.50 and costs were $122.90.

On September 24, 2020, Mr. Blakely filed a three-page written objection to the accounting to which he attached 13 pages of documents. The objection renewed Mr. Blakely's longstanding complaints about the Trust's creation: allegations that the trust was fraudulent, that it was formed in violation of his due process rights, and that the court failed to appoint a GAL to participate in the hearing on his competency. Mr. Blakely also alleged that Mr. Spurgetis had mismanaged the trust or breached his duties as trustee. Mr. Blakely's allegations included that he had not received accounting reports from property sales over the years, that he never received the typewriter ribbon paid for by the trust, that attorney Jeffry Finer should not have been paid, and that the trustee failed to

disburse payments for necessary incidentals.  Because of prior errors, he alleged that the court "lack[ed] competent jurisdiction" to approve the accounting.  CP at 54.

On October 19, 2020, the superior court gave notice of a hearing on the accounting to be held on November 19, 2020.  The notice observed that Mr. Blakely had filed an objection and provided instructions for him to appear by phone.

Courtroom minutes indicate that the hearing proceeded as scheduled before Commissioner John Stine via Zoom, that it lasted approximately eight minutes, that only Mr. Spurgetis was in attendance, and that "[t]he Court Rules as indicated on the record." CP at 214.  The superior court guardianship monitoring program had submitted a financial auditor's report on the day of the hearing, affirming the Trust's asset values and disbursements.  It identified no "problem areas," and "[a]ccept[ed the report] as submitted." CP at 211 (boldface and capitalization omitted).  Commissioner Stine signed the order approving the 11th accounting report.

On December 4, 2020, Mr. Blakely filed with the superior court a notice of appeal and motion to revise Commissioner Stine's ruling, in which he claimed he had been unable to participate in the November hearing because of a corona virus epidemic lockdown and repeated a number of the complaints from his earlier objection.

In a letter dated December 4, 2020, the superior court set a revision hearing for January 4, 2021, before Judge Timothy Fennessy and directed Mr. Blakely to procure and provide a transcript of the oral ruling of the court commissioner at least two days before

the hearing. Mr. Blakely was instructed that it was his responsibility to arrange for his appearance at the revision hearing in person or by phone by contacting the civil presiding department prior to the hearing.

It now appears that while Judge Fennessy's chambers recognized Mr. Blakely's filing as a motion for revision, the superior court clerk's office forwarded a copy of the notice and motion to this court, which this court treated as a notice of appeal. Since it was lacking a proof of service and no filing fee had been paid, it was set on our commissioner's docket, and on December 14, 2020, the commissioner's office directed Mr. Blakely to serve Mr. Spurgetis and either pay the filing fee or obtain an order for expenditure of public funds. Mr. Blakely filed a motion for findings of indigency and provided a copy to this court on December 18, 2020.

On January 6, 2021, superior court Judge Fennessy denied Mr. Blakely's request for a finding of indigency. Order Den. Indigency, *In re Blakely Farms Trust*, No. 10-4-00660-7 (Spokane Super. Ct. Jan. 7, 2021). His order observed that after filing the motion for revision, Mr. Blakely "apparently changed direction and filed a Notice of Appeal to Division III." *Id.* at 1. Judge Fennessy's order observed that "[t]he review being sought is discretionary," that Mr. Blakely was the beneficiary of a trust whose assets exceeded $530,000, and that trust assets are permitted by the trust to be used for "advocacy, legal services, and consultant services for the Beneficiary." *Id.* at 1-2. Judge

Fennessy concluded that Mr. Blakely was not indigent for purposes of RAP 15.2. *Id.* at 2.

Following Judge Fennessy's ruling, on or before February 3, 2021, our clerk's office received word that Mr. Spurgetis would be paying the filing fee for the appeal. The filing fee was paid shortly thereafter.

On February 3, 2021, Mr. Blakely filed with this court a motion for hearing to terminate Trustee Spurgetis. Mot. for Hr'g to Terminate Tr. James P. Spurgetis (Wash. Ct. App. Feb. 3, 2021). A notation ruling on the motion was entered by our court commissioner on February 10, 2021, stating:

> Mr. Blakely filed a notice of appeal apparently seeking review of the superior court's order approving trustee's 11th report. He has now filed a motion with this court for hearing to terminate trustee. It appears this motion raises issues pertaining to the decision that is being appealed, and thus Mr. Blakely's motion is best determined at the time the panel of judges considers Mr. Blakely's appeal. Therefore, the Commissioner refers the motion without ruling.

Comm'r's Letter Ruling, *In re Blakely Farms Trust*, No. 37893-4-III, at 1 (Wash. Ct. App. Feb. 12, 2021).

A perfection letter for the appeal was sent to the parties on February 12, 2021, and briefing was completed with the filing of a reply brief on January 28, 2022. This matter was set for a hearing by a panel without oral argument.

ANALYSIS

We begin by acknowledging that it is not clear whether this appeal was opened prematurely. It appears that Mr. Blakely's notice of appeal and motion to revise Commissioner Stine's ruling might only have sought to appeal the commissioner's decision to the superior court. Yet the superior court evidently forwarded us a copy, which this court received on December 8, 2020. Once this court began to treat the appeal as having been commenced, the superior court might have cancelled the revision hearing scheduled for January 4, 2021. This is suggested by a motion for reconsideration of Judge Fennessy's indigency decision that Mr. Blakely filed in the trial court on January 20, 2021, in which he states, "January 4, 2021, I was denied scheduled telephone hearing . . . ." CP at 74. It is also suggested by Judge Fennessy's observation in his January 6, 2021 order denying indigency that Mr. Blakely "asked this Court to revise the decision" but then "apparently changed direction and filed a Notice of Appeal to Division III." Order Den. Indigency at 1.

In any event, if the motion for revision was heard on January 4, 2021, Mr. Blakely has failed to cause any record of that proceeding to be filed with this court. He has also failed to cause a transcript of Commissioner Stine's ruling to be prepared and made available to us on appeal. For these and other reasons, Mr. Blakely has presented us with nothing that is eligible for appellate review.

No. 37893-4-III
*In re Matter of Blakely Farms Trust*

I.    MR. BLAKELY'S MOTIONS ARE DENIED

Mr. Blakely has filed three motions with this court, which we deny for the reasons that follow.

*Motion for Hearing to Terminate Trustee James P. Spurgetis filed on February 3, 2021.* Mr. Blakely's motion filed on February 3, 2021 asks this court "for a hearing to terminate trustee Spurgetis and rescind the fraudulently created trust." *See* Mot. to Terminate at 1.

We are not a court of general jurisdiction. The Court of Appeals is authorized to exercise "appellate jurisdiction." RCW 2.06.030. A party may "appeal" from only certain superior court decisions. RAP 2.2(a). An appellant's brief is required to contain "[a] separate concise statement of each error a party contends was made by the trial court, together with the issues pertaining to the assignments of error." RAP 10.3(a)(4).

Consistent with our lack of jurisdiction to conduct hearings on requests for affirmative substantive relief, a party may include in a brief only a motion which, if granted, would preclude hearing the case on the merits. RAP 10.4(d). RAP 17 is the only other rule under which a person may seek relief from this court, and the relief sought under that rule must be something "other than a decision on the case on the merits." RAP 17.1(a).

9

If and to the extent that Mr. Blakely's motion for a hearing to terminate Mr. Spurgetis as trustee sought affirmative relief different from review of trial court errors assigned in his brief, we lacked jurisdiction to hear it. It should have been, and is, denied.

*Motions to Strike filed on February 17 and 23, 2022.* Following the filing of Mr. Spurgetis's brief on December 13, 2021, Mr. Blakely filed a motion to strike that brief on February 17, 2022. On February 15, 2022, Mr. Spurgetis filed an amended brief that included citations to supplemental clerk's papers that had not been available at the time of filing the original brief; Mr. Blakely moved to strike that brief on February 23, 2022.

Both of Mr. Blakely's motions characterize the response briefs as defrauding and misrepresenting matters to the court. Mr. Blakely also complains that the lawyer filing the brief has represented the interests of the trustee rather than his interests.

Both briefs include fair argument, with appropriate citations to the record and legal authority. While Mr. Blakely views matters differently, he identifies nothing that is fraudulent or misleading.

As for the lawyer's advocacy on appeal, the Special Person Care Trust states that the trustee "shall be bound to perform pursuant to the terms hereof as a fiduciary to both the incapacitated person and the Court, and shall be governed only by the terms hereof and related Orders of this Court." CP at 152-53. In defending the order approving the accounting, Mr. Spurgetis is defending an order of the superior court. The trustee is given the power to "[e]mploy such agents [and] attorneys . . . as seems reasonably

necessary and to rely upon their legal, tax, or other expert advice, and to pay them reasonable fees for said services from the trust estate." CP at 166. The brief does not improperly defend the superior court's order against Mr. Blakely's appeal.

The motions to strike respondents' briefs are denied.

II.     MR. BLAKELY HAS RAISED NO OTHER ISSUES THAT WARRANT REVIEW

The order attached to Mr. Blakely's notice of appeal and motion to revise Commissioner Stine's ruling is the superior court's November 19, 2020 order approving the trustee's 11th report. The order does not identify the commissioner's reasons for rejecting Mr. Blakely's objection filed on September 24, 2020.

There are clear reasons why the court would reject Mr. Blakely's many complaints about the fact that the Trust exists and how it was created. Twenty years ago, in *Marriage of Blakely*, this court held that the superior court was not required by due process or Washington statutes to hold a hearing with Mr. Blakely's actual participation before appointing a GAL in the trust and dissolution litigation. 111 Wn. App. at 360. It reasoned that under RCW 4.08.060, an alleged incompetent is guaranteed the opportunity to participate and present evidence only if he or she resists appointment of a GAL, and neither Mr. Blakely nor his lawyers objected to appointment of a GAL. *Id.* The opinion explained that additionally, because Mr. Blakely acquiesced by silence in the appointment procedure, the doctrine of invited error prevented him from complaining about any error. *Id.*

11

This court further held in *Marriage of Blakely* that "[b]ased on the record before it at the time, the trial court [in the trust and dissolution litigation] did not abuse its discretion in determining that Mr. Blakely was incapacitated" and "needed a GAL throughout the negotiation and settlement of the issues in those matters, especially considering the complexity of the undertaking." *Id.* at 359. This court held that "[t]he fact that a jury found him competent to stand trial a year after the GAL was appointed and four months after settlement of the trust and dissolution proceedings is not relevant to the issue of Mr. Blakely's competence at the time of the trust and dissolution litigation." *Id.* Mr. Blakely petitioned the Supreme Court for review of this court's decision in *Marriage of Blakely*, and the petition was denied. 148 Wn.2d 1003 (2003).

This court's 2002 decision in *Marriage of Blakely* forecloses Mr. Blakely from rearguing complaints about the existence of the Trust and how it was established. Res judicata, or claim preclusion, is an affirmative defense that bars relitigation of claims and issues that were litigated, or could have been litigated, in a prior action. *Soriano v. Dep't of Labor & Indus.*, 8 Wn. App. 2d 575, 583, 442 P.3d 269 (2019) (citing *Loveridge v. Fred Meyer, Inc.*, 125 Wn.2d 759, 763, 887 P.2d 898 (1995)). For res judicata to apply, there must have been a final judgment on the merits in a prior action. *Id.* (citing *Pederson v. Potter*, 103 Wn. App. 62, 67, 11 P.3d 833 (2000)).

The Trust was established pursuant to a superior court order in the trust litigation that was based on a stipulation of the settling parties. Commissioner Stine was precluded

from revisiting Mr. Blakely's complaints about the creation and existence of the Trust, so it is unsurprising that he did not address them.

Beyond that, we can imagine reasons why the trial court would reject Mr. Blakely's arguments,[2] but Mr. Blakely's failure to create an adequate record for review prevents us from knowing what they were. Just as the superior court notified Mr. Blakely of the need to file a transcript of Commissioner Stine's ruling two days before Judge Fennessy would entertain a revision motion, it is the obligation of an appellant to provide us with an adequate record for review. "A party should arrange for the transcription of all those portions of the verbatim report of proceedings necessary to present the issues on review." RAP 9.2(b). As the courtroom minutes of the November 19, 2020 hearing indicate, Commissioner Stine ruled "as indicated on the record." CP at 214. Where a court's written ruling is insufficient or unclear, we may construe the court's order by reviewing its oral ruling. *See Francis v. Dep't of Corr.*, 178 Wn. App. 42, 52, 313 P.3d 457 (2013).

---

[2] For example, some of Mr. Blakely's complaints are about actions of Mr. Spurgetis that were court ordered or court approved (such as paying Mr. Finer's bill), and cannot be appealed at this late date. To be timely, Mr. Blakely would generally have been required to file a notice of appeal within 30 days of the trial court's action. *See* RAP 5.2(a).

In some cases, Mr. Blakely does not identify legal authority for his objections. Where factual matters are disputed, the commissioner might have believed Mr. Spurgetis's and the guardianship monitoring program's submissions rather than allegations of Mr. Blakely, which are often conclusory or otherwise vague. It is the province of the trial court to determine factual issues, not the appellate court. *See Roach v. Roach*, 72 Wn.2d 144, 148, 432 P.2d 579 (1967).

If the record is insufficient to determine an issue, we can decline to consider it.

*See Stiles v. Kearney*, 168 Wn. App. 250, 259, 277 P.3d 9 (2012). The failure to provide

an adequate record precludes appellate review. *Id.*

Since there are bases on which Commissioner Stine could have rejected Mr.

Blakely's arguments that an adequate record would reveal, we decline to undertake a

more burdensome, speculative review process.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Siddoway, C.J.

WE CONCUR:

Lawrence-Berrey, J.

Pennell, J.