196 March 19, 2025 No. 249

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JESSE RAY SCHOEPKE,
*Defendant-Appellant.*

Hood River County Circuit Court
21CN02680; A181775

John A. Olson, Judge.

Submitted December 30, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and James Brewer, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Kistler, Senior Judge.

KISTLER, S. J.

Reversed and remanded.

**KISTLER, S. J.**

Defendant appeals a judgment finding him in contempt of court for violating a Washington state no-contact order. He argues that the trial court applied the wrong legal standard in ruling that he harassed R. We agree, reverse the trial court's judgment, and remand this case for further proceedings.

On December 9, 2020, a Washington state trial court entered a pretrial no-contact order in a domestic violence case.[1] That order directed defendant not to come within 100 yards of R's residence, school, or workplace. It also directed him not to "cause, attempt, or threaten to cause bodily injury to, assault, sexually assault, harass, stalk, or keep under surveillance" R. On June 6, 2023, the district attorney in Hood River County filed an amended information charging defendant with contempt of court for violating the Washington no-contact order. The amended information alleged that, on March 24, 2021, defendant had attempted to harass R in Oregon. The trial court agreed and entered a judgment finding defendant in contempt of court.

On appeal, defendant argues that the term "harass" in the no-contact order refers to the criminal prohibition against harassment found in RCW 9A.46.020 and that the trial court incorrectly relied on a Washington appellate decision, which looked to a separate, defined statutory phrase "unlawful harassment" as a predicate for proving the crime of stalking.[2] *See State v. Nguyen*, 10 Wash App 2d 797, 809, 450 P3d 630 (2019), *rev den*, 195 Wash 2d 1012 (2020); RCW 10.14.020 (defining "unlawful harassment"). The state reads the trial court's ruling differently. It reasons that the trial court did not conclude that the term "harass" in the no-contact order referred to the statutorily defined phrase "unlawful harassment." Instead, the state argues that

---

[1] The pretrial no-contact order initially applied for one year. On July 29, 2021, the trial court converted the pretrial order to a post-conviction no-contact order and extended it for two years.

[2] Unless otherwise indicated, all citations to RCW Titles 9A, 10, and 26 refer to the 2020 version of those statutes, which were in force when the trial court entered the no-contact order in this case. Later, the Washington legislature substantially revised the statutes governing no-contact orders in domestic violence cases and renumbered them. *See* RCW ch 7.105 (2024).

the trial court correctly defined the term "harass" in the no-contact order generically.. Interpreting "harass" generically, the state contends that we should uphold the trial court's ruling.

*Preliminary matters.* At first blush, one might wonder how an Oregon court has the authority to hold defendant in contempt of court for violating a Washington state no-contact order. However, 18 USC section 2265(a) provides that one state shall enforce another state's protective order if certain conditions are met. Defendant does not dispute that those conditions were satisfied here.

*Preservation.* Defense counsel told the trial court that the term "harass," as used in the no-contact order, refers to the prohibition against harassment found in Washington's criminal code. He both cited RCW 9A.46.020 and described the elements of the crime of harassment. To be sure, defense counsel also discussed how Oregon courts have narrowly interpreted Oregon's criminal statute prohibiting harassment. However, as we understand counsel's argument, he discussed Oregon's interpretation of our harassment statute as a guide to interpreting Washington's criminal prohibition in RCW 9A.46.020. That argument was sufficient to preserve his argument on appeal that the no-contact order refers to RCW 9A.46.020. *See State v. Milbradt*, 305 Or 621, 629, 756 P2d 620 (1988).

*Merits.* As noted, the issue that divides the parties is what the Washington no-contact order meant when it prohibited defendant from "harass[ing]" R. As a matter of Washington law, that issue turns on the text and context of the order. *See Soriano v. Dept. of Labor and Industries*, 8 Wash App 2d 575, 583, 442 P3d 269 (2019); *Prostov v. Dept. of Licensing*, 186 Wash App 795, 806-07, 349 P3d 874 (2015). We begin with context.

RCW 10.99.040(2)(c) directed the administrative office of the Washington courts to develop a "pattern form for all [domestic violence] no-contact" orders, and the no-contact order in this case appears to result from that directive. For

---

[3] By arguing that "harass" should be interpreted generically, the state necessarily takes the position that, as used in the no-contact order, the term "harass" did not refer to the statutorily defined term "unlawful harassment."

the most part, the specific acts that the no-contact order prohibits parallel crimes that the Washington legislature identified as forms of "domestic violence" when those acts are committed against a family member or intimate partner. *See* RCW 10.99.020(4) (defining "domestic violence").

For example, the no-contact order prohibits assault, sexual assault, and stalking a protected person. In 2020, the Washington statutes defining "domestic violence" provided that that phrase included but was not limited to crimes constituting first, second, third, and fourth-degree assault, first and second-degree rape, and stalking. RCW 10.99.020(4) (i)-(iv), (xix), (xx), (xxii) (defining domestic violence). More generally, the no-contact order prohibits "caus[ing], attempt[ing], or threaten[ing] to cause bodily injury to" the protected person, and the Washington statute defining domestic violence in 2020 provided that that phrase included the crimes of reckless endangerment and drive-by shooting, both of which prohibit, among other things, threatening to cause bodily injury. *See* RCW 10.99.020(4) (v), (vi) (identifying crimes of domestic violence); RCW 9A.36.045(1) (drive-by shooting); RCW 9A.36.050(1) (reckless endangerment).

To be sure, the list of prohibited acts in the 2020 no-contact order does not perfectly match the list of crimes constituting domestic violence in RCW 10.99.020(4). Of significance here, the list of crimes constituting domestic violence in 2020 does not specifically mention the crime of harassment. However, the Washington legislature expressly provided that the definition of "domestic violence" in RCW 10.99.020(4) included but was not limited to the listed crimes. In our view, the correlation between the prohibited acts listed in the no-contact order and the crimes constituting domestic violence listed in RCW 10.99.020(4) strongly suggests that the prohibition against harassment in the no-contact order refers to the crime of harassment defined in RCW 9A.46.020.

The state's response relies primarily on one proposition: Prohibiting acts that constitute crimes in a no-contact order serves little purpose because the criminal code independently prohibits their commission. It follows, the state reasons, that the prohibited acts listed in the no-contact

order, or at least the prohibition against harassment, should be interpreted generically.

The state's policy argument is not without force. However, the Washington Supreme Court's decision in *State v. Ward*, 148 Wash 2d 803, 64 P3d 640 (2003), cuts the other way. The court explained in *Ward* that, under the statutes in effect in 1997, a violation of a no-contact order would ordinarily constitute a misdemeanor. *Id.* at 805. However, a violation of a no-contact order based on a misdemeanor "assault" would elevate the violation of the no-contact order to a felony. *Id.* The court reaffirmed that "all assault convictions connected to a violation of a no-contact order will result in a felony, either through the assault itself or through the application of subsection (b)" of RCW 10.99.040(4) (1996), which elevated the violation of a no-contact order to a felony. *Id.* at 812 (internal quotation marks omitted).

*Ward* is instructive in two respects. First, it makes clear that the term "assault" in the no-contact order at issue in that case referred to assaults defined in the Washington criminal code. Second, *Ward* identifies one reason why a no-contact order would prohibit criminal acts: The commission of a misdemeanor assault that violates a no-contact order will elevate that violation to a felony. Defendant suggests other reasons why a no-contact order might prohibit committing acts that independently constitute crimes. In any event, the Washington Supreme Court's decision in *Ward* provides a sufficient answer to the state's policy argument. And the state does not advance a persuasive reason

---

[4] We note that, after the trial court issued the 2020 no-contact order in this case, the Washington legislature broadened both the definition of "unlawful harassment" and its application. *See* RCW 7.105.010(36) (2024). That subsequent legislative change does not provide context for interpreting the no-contact order in this case. Conversely, our opinion has no bearing on whether a protective order that prohibits harassment and that was issued pursuant to RCW chapter 7.105 refers to the current definition of "unlawful harassment."

[5] The applicable statutes in *Ward* differ in some respects from the statutes in effect in 2020. *Compare* RCW 10.99.040(4) (1996), *with* RCW 26.50.110. However, the 2020 statutes elevated a violation of a no-contact order because of an assault to a felony, in the same way that the statutes at issue in *Ward* did. *See* RCW 26.50.110(4).

[6] For example, a pretrial no-contact order that expressly prohibits a defendant from committing other crimes of domestic violence pending trial might have a useful deterrent effect.

why we should treat the prohibition against harassment in the no-contact order differently from the prohibition against assault at issue in *Ward*.

Given the issues that the parties have raised on appeal, we agree with defendant that the no-contact order prohibiting him from "harassing" R referred to the criminal prohibition against harassment found in RCW 9A.46.020. Having reached that conclusion, we note that the state does not argue that the trial court's factual findings satisfied the terms of RCW 9A.46.020. Defendant, for his part, does not argue that the record would not permit the trial court to find that he had violated RCW 9A.46.020. We accordingly reverse the trial court's judgment and remand this case for further proceedings.

Reversed and remanded.